2008 VT 30

**In re Appeal of Gail ALBERT, et al.**

[954 A.2d 1281]

No. 06-195

*Wright,* J.

¶ 1. March 14, 2008. This appeal and cross-appeal involve developer's proposed development of approximately thirty-three acres in Shelburne. Developer received approval from the Town of Shelburne Planning Commission for the development of single-family lots and multi-family units. Thereafter, landowners appealed the planning commission's decision to the Environmental Court. The Environmental Court granted approval for the development of the multi-family units but denied approval for development of the single-family lots. Developer appeals the Environmental Court's denial of approval for development of the single-family lots arguing, inter alia, that landowners lacked standing to appeal the planning commission's decision to the Environmental Court. Landowners cross-appeal, challenging the Environmental Court's approval of the multi-family-unit development. Because we agree that landowners lacked standing to appeal the planning commission's decision to the Environmental Court, we vacate the court's decision.

¶ 2. The following facts are not contested. Developer seeks to build twenty-five single-family lots and thirty-seven multi-family lots on a 33.71 acre parcel of land in Shelburne. Developer received preliminary approval of its plan to do so from the planning commission on October 10, 2002. Developer submitted an application for final approval on March 31, 2003, and the planning commission unanimously approved it on May 8, 2003. One month later, on June 9, 2003, a group of fifteen persons owning land in Shelburne filed a notice with the planning commission stating that they were appealing the planning commission's decision to the Environmental Court. Attached to the notice of appeal was a petition signed by the landowners stating "that the relief requested by [developer] for approval of a planned residential development . . . if granted, will not be in accord with the policies, purposes, or terms of the plan or bylaws of the Town of Shelburne." The planning commission took no action with regards to the merits of the dispute between landowners and developer upon receipt of landowners' petition and notice. Indeed, landowners appealed the planning commission's decision to the Environmental Court that very same day.

¶ 3. Developer moved to dismiss landowners' appeal for their failure to comply with the requirements of 24 V.S.A. § 4464, a statute governing appeals from municipal decisions. At that time, § 4464 required that litigants be "interested persons" in order to have standing to appeal the decisions of administrative officers to municipal boards like planning commissions. At that time, § 4464 provided, in relevant part:

> (a) An interested person may appeal any decision or act taken . . . in any municipality . . .

> (b) For the purposes of this chapter, an interested person means any one of the following:

> . . . .

> (4) Any ten persons owning real property within a municipality . . . who, by signed petition to

the board of adjustment or the development review board of a municipality, the plan or a bylaw of which is at issue in any appeal brought under this title, allege that any relief requested by a person under this title, if granted, will not be in accord with the policies, purposes or terms of the plan or bylaw of that municipality.[1]

¶ 4. The standing requirement contained in pre-amendment § 4464(b) also applied to appeals to the Environmental Court from planning commissions

---

[1] 2003, No. 115 (Adj. Sess.), § 106 repealed the former § 4464, and enacted the current version of § 4465, which is the functional equivalent of the former § 4464. Section 4465 provides, in relevant part:

(a) An interested person may appeal any decision or act taken . . . in any municipality . . .

(b) For the purposes of this chapter, an interested person means any one of the following:

. . . .

(4) Any ten persons *who may be any combination of voters or real property owners* within a municipality . . . who, by signed petition to *the appropriate municipal panel of a municipality*, the plan or a bylaw of which is at issue in any appeal brought under this title, allege that any relief requested by a person under this title, if granted, will not be in accord with the policies, purposes, or terms of the plan or bylaw of that municipality. . . .

(Emphasis added.)

through pre-amendment § 4471(a). See 24 V.S.A. § 4471(a) ("An interested person may appeal a decision of a board of adjustment, a planning commission, or a development review board to the environmental court.").[2] Developer argued that landowners were not interested persons within the meaning of pre-amendment § 4464(b)(4), and therefore lacked standing to appeal to the Environmental Court, because they submitted a petition to the planning commission *after* the planning commission granted final plan approval for the proposal. In addition, developer argued, as it does here, that the statute required landowners to have submitted a petition to the planning commission for consideration *before* it granted final plan approval. The Environmental Court denied developer's motion to dismiss, reasoning that "the statute does not . . . require that the parties have participated at the municipal board level."[3] In an order dated August 8, 2005, the Environmental Court granted approval for the development of the thirty-seven multi-family units and denied approval for development of the twenty-five single-family lots. This appeal and cross-appeal followed.

---

[2] 2003, No. 115 (Adj. Sess.), § 107 amended the former § 4471. Section 4471(a) now reads "An interested person *who has participated in a municipal regulatory proceeding* . . . may appeal a decision *rendered in that proceeding by an appropriate municipal panel* to the environmental court." (Emphasis added.)

[3] The dissent stresses the importance of developer's concession on appeal that pre-amendment § 4464(b)(4) did not require active participation at the municipal level. We note, however, that developer clearly disagreed with the dissent's characterization (and therefore did not concede the point) that petitioning the planning commission pre-decision is tantamount to participation.

¶ 5. According to landowners, we should defer to what they characterize as the Environmental Court's long-standing interpretation of pre-amendment § 4464's "interested person" to include persons, like landowners, who file petitions with municipal boards after that body has issued a final decision in a matter. Landowners cite our practice of deferring to agency interpretations of statutes within the area of agency expertise. It is true that "where a statute is silent or ambiguous regarding a particular matter this Court will defer to agency interpretation of a statute within its area of expertise as long as it represents a permissible construction of the statute." *In re Smith*, 169 Vt. 162, 169, 730 A.2d 605, 611 (1999). Landowners ask us to extend that principle of deference to the Environmental Court's construction of pre-amendment § 4464 due to the court's expertise in environmental matters.

¶ 6. We decline to do so. We defer to agency interpretations of statutes that the Legislature has entrusted them to administer as much out of a concern for the proper separation of powers as in consideration of agency expertise. See *Town of Victory v. State*, 2004 VT 110, ¶ 16, 177 Vt. 383, 865 A.2d 373 (explaining that "[t]o preserve the appropriate separation of judicial and executive powers, we presume that judicial review of administrative decisions is deferential"). Because the Environmental Court is a part of the judicial branch, there is no separation-of-powers imperative for deferential review here. Moreover, whatever deference the Environmental Court is owed in the area of substantive environmental law does not apply to its construction of statutes governing general principles of law such as party standing. Cf. *Devers-Scott v. Office of Prof'l Regulation*, 2007 VT 4, ¶ 9, 181 Vt. 248, 918 A.2d 230 ("Questions of law that can be answered with traditional tools of statutory construction are within the spe-cial expertise of courts, not agencies, and are therefore answered by the court de novo." (citation omitted)).

¶ 7. We have recently ruled that the proper construction of a statute governing appeals of municipal decisions to the Environmental Court is a question of law subject to nondeferential and plenary review on appeal. See *In re Carroll*, 2007 VT 19, ¶ 9, 181 Vt. 383, 925 A.2d 990 (applying de novo review and reversing the Environmental Court's dismissal of the landowner's appeal for lack of standing where standing hinged on the proper construction of the words "municipal regulatory proceeding" in post-amendment § 4471(a)). We apply the same standard of review here.

¶ 8. We begin by noting that although the general rule is that statutes regulating appeal rights are remedial in nature and therefore liberally construed in favor of persons exercising those rights, *Casella Constr., Inc. v. Dep't of Taxes*, 2005 VT 18, ¶ 5, 178 Vt. 61, 869 A.2d 157, "our ultimate goal is to give effect to the intent of the Legislature." *In re Milton Arrowhead Mountain*, 169 Vt. 531, 533, 726 A.2d 54, 56 (1999) (mem.). We have recently explained that we "strictly adhere" to the standing requirements that the Legislature set forth in pre-amendment § 4464(b). *In re Gulli*, 174 Vt. 580, 582 n*, 816 A.2d 485, 488 n* (2002) (mem.); see also *Garzo v. Stowe Bd. of Adjustment*, 144 Vt. 298, 302, 476 A.2d 125, 127 (1984) (Court may not judicially expand class of persons entitled to review in zoning cases governed by pre-amendment § 4464(b)).

¶ 9. Our decisions in *Kalakowski v. John A. Russell Corp.*, 137 Vt. 219, 401 A.2d 906 (1979), and *In re Garen*, 174 Vt. 151, 807 A.2d 448 (2002), do not stand for a contrary proposition. In neither case did we apply the general rule that appeal rights are liberally construed, let alone apply that rule in such a way as to override our primary goal of effectuating the intent of the Legislature. In *Kalakowski*,

we interpreted the standing requirement of pre-amendment § 4464(b)(3). 137 Vt. at 222-23, 401 A.2d at 908-09. Pre-amendment § 4464(b)(3) provided certain persons with standing in zoning appeals as long as they "allege[d] that the decision or act, if confirmed, [would] not be in accord with the *policies, purposes or terms of the plan or bylaw of that municipality*." (Emphasis added.) We held that a group of persons had standing to appeal a zoning board decision under pre-amendment § 4464(b)(3) where their allegation was that "the decision would not be in accord with the [zoning] regulations." *Kalakowski*, 137 Vt. at 222, 401 A.2d at 909. We reasoned that the Legislature did not design pre-amendment § 4464(b) to "establish a formula for pleading." *Id.* In *Garen*, we held that intervenors in an appeal before the Environmental Court were entitled to maintain the appeal after the original appellants withdrew their appeal in part because we could "discern nothing in the statutory scheme . . . that appear[ed] to foreclose intervenors" from doing so. 174 Vt. at 154, 807 A.2d at 450. By contrast, it is precisely because we *do* discern something in the statutory scheme that forecloses landowners from maintaining their suit that we hold today that they lack standing to do so.

¶ 10. As noted, it is well settled that our objective in construing a statute is to effectuate the intent of the Legislature. *Springfield Terminal Ry. v. Agency of Transp.*, 174 Vt. 341, 346, 816 A.2d 448, 453 (2002). We presume that the Legislature "intended the plain, ordinary meaning of the [adopted statutory] language," *Town of Hinesburg v. Dunkling*, 167 Vt. 514, 525, 711 A.2d 1163, 1169 (1998), and "will enforce the plain meaning of the statutory language where the Legislature's intent is evident from it." *Carroll*, 2007 VT 19, ¶ 9 (citing *Wesco, Inc. v. Sorrell*, 2004 VT 102, ¶ 14, 177 Vt. 287, 865 A.2d 350). We also presume that the Leg-

islature intended for the statutory language to render results that are not absurd. *Craw v. Dist. Ct.*, 150 Vt. 114, 119, 549 A.2d 1065, 1069 (1988) ("A presumption obtains against a construction that would lead to absurd results.").

¶ 11. It is clear from the language of pre-amendment § 4464(b)(4) that the Legislature intended to provide standing to appeal zoning decisions only to those landowners who petitioned a planning commission prior to it taking final action in a case. At the time this case arose, pre-amendment § 4464(b)(4) provided standing to certain groups of persons as long as those persons "by signed petition to the [planning commission] of a municipality . . . allege[d] that any relief requested by a person under this title, if granted, will not be in accord with the policies, purposes or terms of the plan or bylaw of that municipality." The legislative requirement of a "petition" as the requisite filing decides the issue. A petition is "[a] supplication or request to a superior authority," or "[a] formal document requesting a right or benefit from an authority." The American Heritage College Dictionary 1022 (3d ed. 2000); see also Black's Law Dictionary 1182 (8th ed. 2004) (a petition is "[a] formal written request presented to a[n] . . . official body"). The plain and ordinary meaning of "petition" leads to the conclusion that the Legislature intended for the planning commission to retain some power to take action upon receipt of the petition — the power of a "superior authority" to act upon a "supplication or request." One may not both give the appropriate weight to the Legislature's word choice and conclude that the Legislature intended for landowners to petition municipal bodies even after those bodies had already exercised their authority without arriving at absurdity. Accordingly, we conclude that, to have had standing to appeal the planning commission's decision in this case, landowners were required to have petitioned the planning commission before the commission implicitly concluded that

developer's plans were in "accord with the policies, purposes or terms of the plan or bylaw of Shelburne"— that is, prior to it granting final plan approval for developer's proposal.

¶ 12. Our construction also allows for a natural reading of the statutory language requiring that landowners' petition to the planning commission allege that the "relief requested . . . *if granted, will not be*" in accord with the policy of the municipality. 24 V.S.A. § 4464(b)(4) (emphasis added). Landowners would have us believe that this relief — which they agree is to be granted at some time after the petition is filed — does not refer to relief to be granted by the planning commission, but rather refers to relief to be granted by the Environmental Court or by this Court. Under this construction, the petition would only be alerting the planning commission to a potential problem in a case that was, being on appeal, completely out of its hands. We think it much more sensible to conclude that the Legislature intended for the petition to alert the planning commission to the existence of a dispute as to whether the relief that the *planning commission* was considering granting was consistent with municipal policy.

¶ 13. Neither does our construction do any violence to the statutory scheme. Landowners observe that post-amendment § 4471(a) explicitly requires interested persons to have participated at the municipal level in order to have standing to appeal municipal decisions to the Environmental Court, see 24 V.S.A. § 4471(a) ("An interested person *who has participated in a municipal regulatory proceeding authorized under this title* may appeal a decision rendered in that proceeding by an appropriate municipal panel to the environmental court." (emphasis added)), but that pre-amendment § 4471(a) did not explicitly so require. See 24 V.S.A. § 4471(a) ("An interested person may appeal a decision of a . . . planning

commission . . . to the environmental court."). Landowners argue that requiring persons to file petitions before planning commissions make final decisions in order to qualify as interested persons under pre-amendment § 4464(b)(4) is tantamount to requiring participation in the proceedings at the municipal level. Landowners claim that the recent addition of the participation requirement proves that the Legislature did not intend to require participation at the municipal level prior to amendment, and that because the pre-decision filing of a petition constitutes such participation, our construction creates an internal inconsistency between pre-amendment § 4464 and pre-amendment § 4471. We see it differently. It is true that we generally presume that an amendment to a statute was meant to change the law unless circumstances clearly show that only a clarification was intended. *State v. Brooks*, 2004 VT 88, ¶ 11, 177 Vt. 161, 861 A.2d 1096. Here, the plain, ordinary meaning of the pre-existing statutory term "petition" presents such a circumstance. Furthermore, the language that presupposes the planning commission had not yet acted to grant or deny the pending appeal supports our position that this amendment was a clarification of the statute and was not intended to change its meaning.

¶ 14. The dissent complains that under amended §§ 4465(b)(4) and 4471(a) persons must both participate at the municipal level "through oral or written testimony, evidence or a statement of concern," § 4471(a), *and* file a pre-decision petition in order to appeal a municipal board decision to the Environmental Court. The dissent asserts that the statutory sections are therefore in conflict with one another. There is no conflict. To alert the appropriate municipal panel that an "interested person" alleges that the relief requested presents problems with a bylaw or municipal plan pursuant to § 4465(b)(4) introduces the issue to the

panel. Section 4471(a) provides guidance as to what constitutes participation *in* the municipal regulatory proceeding — the offering of evidence or a statement of concern related to the subject of the proceeding. Section 4471(a) does not speak of participation *after* the proceeding. If the interested person has so participated before the municipal panel, they have standing to appeal to the Environmental Court.[4]

¶ 15. Finally, landowners argue that because of the time and resources they have spent pursuing this appeal, it would be inequitable for us to rule at this juncture that they lacked standing to do so. Their disappointment cannot undermine the plain meaning of statutory language or create jurisdiction where there is none.

¶ 16. We hold that landowners lacked standing to appeal the planning commission's decision to the Environmental Court, and therefore do not reach the rest of the issues in the appeal and cross-appeal.

*The Environmental Court's August 8, 2005 order is vacated; the decision of the planning commission is reinstated.*

¶ 17. **Johnson, J.,** dissenting. Because I believe that landowners had standing to appeal under pre-amendment 24 V.S.A. § 4464(b)(4), I respectfully dissent.

¶ 18. To begin, the majority disregards the fact that developer here explicitly concedes that pre-amendment § 4464(b)(4) did not require interested persons to participate at the municipal level — e.g., the planning commission — as a threshold to filing an appeal to the Environmental Court.[5] This position is consistent with the Environmental Court's long-standing interpretation of the statute. Nonetheless, developer argues, and the majority accepts, that "the statute imposed an obligation on the named individuals to petition the Planning Commission in writing *before* they rendered a decision." These two positions are directly in conflict, as petitioning the planning commission pre-decision would de facto result in participation at the municipal level.

¶ 19. I agree with developer that participation at the municipal level was not a prerequisite to an Environmental Court appeal at the time the appeal in question was filed. Pre-amendment § 4464(b)(4) defined an "interested person" as:

> Any ten persons owning real property within a municipality listed in subdivision (2) of this subsection who, by signed petition to the [planning commission], the plan or a bylaw of which is at issue in any appeal brought under this title, allege that any relief requested by a person under this title, if granted, will not be in accord with the policies, purposes or terms of the plan or bylaw of that municipality.

Furthermore, pre-amendment § 4471(a) provided in plain terms that an "interested person may appeal a decision of . . . a planning commission . . . to the environmental court." In 2004, the Legislature amended § 4471(a) to explicitly require

---

[4] Additionally, the dissent's suggestion that § 4464(b)(4) should be considered no more than a notice of appeal to the Environmental Court would only find support in the language of the statute if the statute was written in the past tense.

[5] Developer explicitly states in its brief that it "agrees that the statu[t]e as it existed at the time did not require that the parties participate at the municipal level." Thus, developer concedes that the statute has consistently been interpreted as such, but argues for a different interpretation in this case.

"participat[ion] in a municipal regulatory proceeding" as a threshold to appealing a planning commission decision. See 2003, No. 115 (Adj. Sess.), § 107 (effective July 1, 2004).

¶ 20. In its analysis, the majority over-emphasizes a single word, "petition," in an otherwise ambiguous statute, relying on its dictionary definition to argue that the Legislature intended that the planning commission retain authority to act at the time that it receives such petition.[6] Not-withstanding the confusing language of the statute, pre-amendment § 4464(b)(4) should be interpreted in light of the recent amendments to § 4471(a). As the majority notes, "[w]e generally presume that an amendment to a statute was meant to change the law unless circum-stances clearly show that only a clarifica-tion was intended." *Ante*, ¶ 13. Thus, looking at the statutory scheme as a whole, the reasonable construction is that pre-amendment § 4464(b)(4) did not re-quire interested persons to file a petition with the planning commission before it issued its decision, just as its counterpart, § 4471(a), did not require participation at the municipal level for standing to appeal prior to the 2004 amendment. See *Holton v. Dep't of Employment & Training*, 2005 VT 42, ¶ 21, 178 Vt. 147, 878 A.2d 1051

---

[6] I am not willing to deny standing to parties otherwise entitled to appeal based on the definition of one word in the statu-tory language, taken from dictionaries that it is not even suggested the Legisla-ture referred to in drafting the relevant legislation. Nor am I convinced by the majority's assertion that § 4464(b)(4)'s re-quirement that a petition be filed at the planning commission to trigger an appeal mandates that the planning commission retain authority over the matter at the time the petition is filed, as notices of ap-peal are always required to be filed in the lower tribunal, despite the fact that it re-tains no further authority over the matter.

(rules of statutory construction require that we consider the statute as a whole and give effect to each part). Otherwise, these obviously complementary sections would have contradicted one another. The amendments were intended to change, not clarify, the rules on standing in ap-peals.

¶ 21. Further adding to the ambiguity of pre-amendment § 4464(b)(4) is the fact that it is contained in the statutory sec-tion, § 4464, which provides for appeals from the administrative officer to the municipal board. The definition of inter-ested persons only applies to appeals to the Environmental Court from the mu-nicipal board by cross-reference to § 4471. With regard to appeals from the administrative officer to the municipal board, § 4464(b)(4) simply requires appel-lants to alert the local board to their position on the issues in question. The statute should have the same function with respect to the Environmental Court, alerting the court to the appellants' posi-tion on the matter being appealed. Viewed in this way, the petition serves the pur-pose of a notice of appeal, which is filed in the forum from which the appeal is taken. Because its purpose is to inform the ap-pellate body of the appellants' position, it makes no sense that the petition should be filed before the municipal board ren-ders its decision. Thus, landowners were not required to participate at the munici-pal board level to be considered inter-ested persons for purposes of an appeal to the Environmental Court, just as they were clearly not required to participate before the administrative officer to qualify as interested persons for purposes of an appeal to the municipal board.

¶ 22. In addition, the majority's inter-pretation of pre-amendment § 4464(b)(4) would result in a conflict between amended §§ 4465(b)(4) and 4471(a). The majority claims that § 4464(b)(4) un-equivocally required interested persons to participate at the municipal level by

filing a petition with the municipal board prior to its decision to have standing for an appeal to the Environmental Court. It further contends that § 4471(a) was amended to reflect this municipal participation that was already required under the statutory scheme. Section 4471(a), however, requires municipal-level participation not by the filing of a petition, but by "offering, through oral or written testimony, evidence or a statement of concern related to the subject of the proceeding." Thus, under the majority's interpretation, interested persons would now be required to participate at the municipal level both by filing a pre-decision petition with the respective board pursuant to § 4465(b)(4) and by offering testimonial or written evidence related to the subject at issue pursuant to § 4471(a) to have appellate standing. I believe the more reasonable interpretation is that § 4465(b)(4) merely requires interested persons to file a notice of appeal at the municipal board, while § 4471(a) defines the type of municipal level participation now required for appellate standing.

¶ 23. In any event, the majority's statutory interpretation unfairly singles out this case for unique treatment. Given the historical practice and interpretation of standing prior to the amendments, the ambiguity of the language of pre-amendment § 4464(b)(4), and the 2004 amendment to § 4471(a), landowners should be given the benefit of the pre-amendment interpretation. See *In re Milton Arrowhead Mountain*, 169 Vt. 531, 533, 726 A.2d 54, 56 (1999) (mem.) (recognizing general rule that statutes regulating right to appeal should be construed in favor of those exercising the right). I would affirm on the standing issue and reach the merits of the cross-appeal.

¶ 24. I am authorized to state that Justice Dooley joins this dissent.

Motion for reargument denied April 24, 2008.