STATE OF VERMONT

ENVIRONMENTAL COURT

|  | }  |  |
| --- | --- | --- |
| In re: Patricia G. Wood, Trustee | } | |
|     for Gibson-Wood Family Trust | } | Docket No. 276-11-08 Vtec |
|     (Appeal of Warden) | } | |
| | } | |

Decision and Order on Motion to Dismiss

Appellant David Warden appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Barnet, approving Application No. 55-08 filed by Appellee-Applicant Patricia G. Wood, Trustee for the Gibson-Wood Family Trust. Appellant has appeared and represents himself; Appellee-Applicant is represented by Madison K. Boemig, Esq. The Town of Barnet has not entered an appearance.

Appellee-Applicant has moved to dismiss the appeal.

The property at issue in this appeal is a small shoreline lot on Harvey's Lake in a Rural Residential zoning district in the Town of Barnet. In 2007 Appellee-Applicant obtained Zoning Permit No. 48-07, for construction of a new house on the footprint of an existing camp, with a new garage and a new longer but narrower deck. The deck of the existing camp and the deck of the proposed new construction extended into the setback area along the lakeshore; the permit was issued after approval by the ZBA of a variance. The ZBA's grant of a variance in connection with Permit No. 48-07 was not appealed and became final; it cannot be challenged, either directly or indirectly. 24 V.S.A. § 4472(d).

Due to changes during construction, and after receiving a Notice of Violation of Permit No. 48-07, Appellee-Applicant appealed the Notice of Violation and applied for

1

a variance and new permit, Application No. 55-08, reflecting the changed plans. The ZBA upheld the Notice of Violation; that decision was not appealed, became final, and cannot be challenged, either directly or indirectly. 24 V.S.A. § 4472(d). The ZBA then granted the variance for the changed plans; Appellant appealed the ZBA's decision granting the variance for Permit No. 55-08.

Appellant David Warden owns lakeshore property on a different lake within the Town of Barnet. His property is located approximately four miles measured directly from the subject property, or approximately five-and-a-half miles by road. He has raised the following three questions in his Statement of Questions:

> Should the dimensions of a building be the outside or inside dimensions, because this determines the set back requirements.

> Because of the changed log cabin and garage configuration, did [Applicant] have a right to build under permit # 48-07?

> Should the log cabin and garage be made to conform to the original permit #48-07; i.e. the original proposed footprint and heights, including any foundation work?

Because no appeal was taken of the ZBA's variance decision as to Permit No. 48-07, that decision cannot be challenged, either directly or indirectly, as in the second and third questions above. If, instead, those questions are meant to address enforcement of the requirements of the earlier Permit No. 48-07, the Notice of Violation was upheld by the ZBA and also became final without appeal. The only decision that is within the scope of the present appeal is the approval of Permit No. 55-08 and the variance authorizing it; as neither of those questions relates to the decision from which the appeal was taken, both questions must be dismissed.

Appellee-Applicant is also correct that Appellant's first question, as written, calls for an impermissible advisory opinion in the context of this case, and must also be dismissed. For future reference, the parties' attention is directed to the Zoning

Ordinance's definition of the word "setback" in § 602, which requires setbacks to be measured from the relevant lot line to the "nearest wall, porch or deck."

In addition, as Appellant Warden's property is located on a different lake and is not in the immediate neighborhood of the subject property, he also has failed to demonstrate the "physical or environmental impact on [his] interest under the criteria reviewed" required for him to have standing to bring this appeal as an individual appellant. 24 V.S.A. § 4465(b)(3). For persons with a policy concern such as that expressed by Mr. Warden, but without a "physical or environmental impact" on their interest, the statute allows an appeal only by a group of ten or more voters or real property owners within the municipality, and requires a prior petition to the ZBA. 24 V.S.A. § 4465(b)(4); In re Albert, 2008 VT 30, ¶ 11 (interpreting the same language in a prior version of the statute).

As all three questions in the Statement of Questions are dismissed, this appeal also must be dismissed. Alternatively, as Appellant Warden lacked standing to bring this appeal as an individual appellant, it also must be dismissed.

This decision is based solely on the text of the Statement of Questions and on Appellant's lack of standing to bring this appeal. It specifically does not constitute an approval by this Court of the practice of using variances (24 V.S.A. § 4469) to allow alterations to or replacement of existing noncomplying structures within a required setback area. Compare 24 V.S.A. §§ 4412(7) (obligation to regulate nonconformities), with 24 V.S.A. § 4414(8) (authority for waivers); see also In re Edgar Northshore Dr. Variance Application, No. 292-12-07 Vtec (Vt. Envtl. Ct. Feb. 5, 2009) (Wright, J.); In re Curry Variance Application, No. 222-10-07 Vtec (Vt. Envtl. Ct. Feb. 5, 2009) (Wright, J.); In re Rouleau Property Appeals, Nos. 231-12-04 Vtec, 28-2-05 Vtec, 29-2-05 Vtec, 192-9-05 Vtec, and 193-9-05 Vtec, slip op. at 5–9 (Vt. Envtl. Ct. Nov. 17, 2006) (Wright, J.).

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellee-Applicant's Motion to Dismiss is GRANTED, concluding this appeal.


Done at Berlin, Vermont, this 17th day of February, 2009.


_____
Merideth Wright
Environmental Judge