**State of Vermont**
**Superior Court—Environmental Division**

======================================================================
# ENTRY REGARDING MOTION
======================================================================

**Schuyler NOV**                                                **Docket No. 29-2-12 Vtec**
**(Appeal from Town and Village of Ludlow Development Review Board decision)**

Title: Motion to Dismiss (Filing No. 1)
Filed: March 1, 2012
Filed By: Interested Person Town of Ludlow

Response in opposition filed on 3/29/12 by Appellants Garrett and Deborah Mikita
Reply filed on 4/2/12 by Town of Ludlow

Title: Stipulated Motion to Substitute Appellants (Filing No. 4)
Filed: March 30, 2012
Filed By: Appellants Garrett and Deborah Mikita

Response in opposition filed on 4/2/12 by Town of Ludlow

___ Granted                    ___ Denied                    _X_ Other

        Garrett and Deborah Mikita (the Mikitas) appeal a January 25, 2012 Decision by the Town and Village of Ludlow Development Review Board (the DRB) upholding the Town Zoning Administrator's Notice of Violation (NOV) issued to Richard and Joy Schuyler (the Schuylers). The Mikitas are the prior owners of the subject property located at 63 Benson Point in the Town of Ludlow, Vermont (the Town). The Town now moves to dismiss the Mikitas' appeal, arguing that the Mikitas are not "interested persons" under 24 V.S.A. § 4471(a) and are therefore not authorized to appeal the DRB's Decision to this Court.

        In September 2009, the Mikitas, as then-owners of 63 Benson Point, filed an application with the Town seeking approval of the addition of a second-floor dormer and the enclosure of an existing front porch on the existing house (the Mikita Application). The Town approved the Mikita Application and issued a zoning permit, ZP 10-023, on October 2, 2009. In June 2010, prior to any construction work, the Mikitas sold the property to the Schuylers. In September 2010, the Schuylers filed an application for an extension of time for the construction. The Town approved the extension of time in zoning permit No. ZP 10-023 #1; however, the parties dispute the scope of the construction for which time was extended. The Schuylers then undertook construction work, and on October 18, 2011, the Town Zoning Administrator issued an NOV to the Schuylers for construction without a permit. The Schuylers appealed to the DRB, and the DRB issued its decision on January 25, 2012, upholding the issuance of the NOV.

The Mikitas filed an appeal of the DRB's January 25, 2012 Decision with this Court on February 23, 2012. Within their notice of appeal, the Mikitas claim party status pursuant to 24 V.S.A. § 4471. Under that provision, an interested person who has participated in a municipal regulatory proceeding may appeal a DRB decision to this Court. An "interested person" is defined, in pertinent part, at 24 V.S.A. § 4465(b) as:

> (1) A person <u>owning title to property</u> . . . affected by a bylaw, who alleges that the bylaw imposes on the property unreasonable or inappropriate restrictions <u>of present or potential use</u> under the particular circumstances of the case, or . . .
> (3) A person <u>owning or occupying property</u> in the <u>immediate neighborhood</u> of a property that is the subject of any decision…

24 V.S.A. § 4465(b)(1) and (3) (emphasis added).

In their notice of appeal, the Mikitas represent that they participated before the DRB through written testimony and the presentation of evidence. The Town does not challenge this claim of participation. Thus, the Town's motion to dismiss this appeal is based on the contention that the Mikitas lack standing because they do not fit 24 V.S.A. § 4465(b)'s definition of interested person. In pertinent part, the Town argues that because the Mikitas do not own the subject property and do not own or occupy property in the immediate neighborhood, they are not interested persons. In response, the Mikitas argue that 24 V.S.A. § 4465 does not specifically require current ownership. They suggest that a prior property owner who acquired a permit which is later interpreted to restrict the use and potential use of the subject property should have status as an interested person.

Generally, statutes regulating appeal rights are remedial in nature and are therefore liberally construed in favor of the persons exercising those rights. See <u>In re Albert</u>, 2008 VT 30, ¶ 8, 183 Vt. 637. It is also well settled, however, that our primary objective in construing a statute is to effectuate the intent of the Legislature. See <u>Springfield Terminal Ry. v. Agency of Transp.</u>, 174 Vt. 341, 346 (2002). We presume that the Legislature "intended the plain, ordinary meaning of the [adopted statutory] language," <u>Town of Hinesburg v. Dunkling</u>, 167 Vt. 514, 525 (1998), and we "will enforce the plain meaning of the statutory language where the Legislature's intent is evident from it." <u>In re Appeal of Carroll</u>, 2007 VT 19, ¶ 9, 181 Vt. 383. We will also avoid a statutory construction that leads to absurd results. <u>Bergeron v. Boyle</u>, 2003 VT 89, ¶ 11, n.1, 176 Vt. 78.

It is clear from the plain language of 24 V.S.A. § 4465 that the Legislature intended to provide standing to appeal to persons who are current landowners or occupiers, or to persons who own or occupy land in the immediate neighborhood of the subject property. No provision of 24 V.S.A. § 4465 suggests that prior owners or occupiers of the subject property are entitled to standing as interested persons, however. Furthermore, affording interested person status to a past owner or occupier could lead to absurd results because a past owner or occupier's interests may be adverse to those of a current owner or occupier. Accordingly, as prior owners of the subject property, the Mikitas do not qualify as interested persons under 24 V.S.A. § 4465, and they are without standing to maintain an appeal of the DRB's Decision under 24 V.S.A. § 4471.

This conclusion is not fatal to this matter, however. The Mikitas' opposition to the Town's motion to dismiss requests that the Schuylers be substituted as appellants in the event that the Court determines that the Mikitas are not entitled to party status. On April 2, 2012, the Mikitas

and the Schuylers also filed a motion to substitute the Schuylers for the Mikitas.[1]  As detailed below, we conclude that the motion to substitute is unnecessary.

Within thirty days of a DRB decision, a party qualifying as an interested person under the definition found in 24 V.S.A. § 4465, and who has participated in the DRB proceedings, may appeal the DRB's decision to this Court.  10 V.S.A. § 8504(b)(1).  This deadline is extended when another party enters the initial appeal.  V.R.E.C.P. 5(b)(2).  Thus, a person entitled to appeal under 10 V.S.A. § 8504(b)(1) can either choose to appeal or, alternatively, choose to participate in the appeal of another party by either filing a timely notice of appearance or, if the time to do so has passed, by filing a timely motion to intervene.  See V.R.E.C.P. 5(c) (establishing the time frame in which different types of interested persons can appear in the appeal of others); 10 V.S.A. § 8504 (indicating that parties qualifying as interested persons under the definition found in 24 V.S.A. § 4465 can intervene in an appeal of a decision by a municipal panel).  Interested persons who do not appeal cannot raise issues not raised in an appellant's statement of questions.  See V.R.E.C.P. 5(d)(2)(3).

Here, the Schuylers were present at the DRB hearing and participated through counsel.  They also qualify as interested persons because they own title to the subject property.  See 24 V.S.A. § 4465(b)(1).  Accordingly, the Schuylers were entitled to appeal the DRB's decision to this Court.  Alternatively, they were entitled to enter a timely notice of appearance as interested persons in this matter.  Instead of appealing the DRB's decision, the Schuylers chose to file a timely notice of appearance.  The Schuylers now ask that the Court allow them to continue the pending appeal in spite of the Mikitas' lack of standing.

The Schuylers do have the ability to continue this matter even though the Mikitas, as the original appellants, are dismissed from this appeal.  "[W]here intervention is timely; is not sought for an improper purpose, such as curing a jurisdictional defect; and is done simply to protect the interests of the intervening party, a court should not dismiss an appeal simply because the original party appealing is unable or unwilling to proceed with the case."  In re Appeals of Garen, 174 Vt. 151, 154 (2002) (stating that a proper party to a proceeding will not be denied participation based solely on the withdrawal of an original appellant).  To hold otherwise could become procedurally unruly, as following an initial notice of appearance, all subsequently appearing parties would be required to file a notice of appeal and pay a filing fee to ensure that the issues originally appealed are carried forward in the event that the original appellant is dismissed from the matter or voluntarily withdraws.

Here, the Schuylers filed a notice of appearance seven days after the Mikitas' notice of appeal and thirteen days prior to the Mikitas' Statement of Questions.  No party has argued that the notice of appearance is untimely or otherwise improper.  Thus, to protect the Schuylers' interests, we conclude that the Schuylers may continue this matter.  Their arguments are limited, however, to those set forth in the Mikitas' Statement of Questions.  See id. at 156 (noting that subsequently appearing parties may rely on the initial appeal and statement of questions, but they cannot raise additional issues without filing a cross-appeal and their own statement of questions).

---

[1] The Mikitas titled their motion "Stipulated Motion to Substitute Appellants."  As the Town notes, however, the stipulation is between the Mikitas and the Schuylers.  The Town did not consent to the substitution and in fact opposes it.

The Town's motion to dismiss the Mikitas is therefore **GRANTED**, but the request to dismiss this appeal is **DENIED**. The Mikitas' motion to substitute appellants is also **DENIED** as unnecessary. The Schuylers remain as parties before the Court and may be heard on the Mikitas' Statement of Questions. Although the Mikitas are dismissed as parties, they may participate as witnesses of the Schuylers.

_____                    ____May 30, 2012_____
          Thomas G. Walsh, Judge                                         Date

=============================================================================

Date copies sent to: _____                          Clerk's Initials _____

Copies sent to:

   Frederick M. Glover, Attorney for Appellants Garrett and Deborah Mikita

   J. Christopher Callahan, Attorney for Interested Person Town of Ludlow

   Frank H. Olmstead, Attorney for Interested Persons Richard and Joy Schuyler