# STATE OF VERMONT

| SUPERIOR COURT<br>Vermont Unit | ENVIRONMENTAL DIVISION<br>Docket No. 169-12-14 Vtec |
|---|---|
| Two Bad Cats, LLC Conditional Use | DECISION ON MOTION |

Two Bad Cats, LLC, and Richard and Carmen Gile (Applicants) seek a conditional use permit to operate a small, light industrial facility specializing in the prototyping and manufacture of small products at 11 Brookside Lane (the Facility) in the Village of North Clarendon, Vermont (the Village). Two Bad Cats, LLC, comprised of Richard Gile and his son, Peter, leases the Facility from the owners, Richard and Carmen Gile. The Town's Board of Zoning Adjustment (ZBA) approved the application on November 12, 2014. Shelly Allen, Helen Darby, Mary Ann Horton, Mary King, Marion Pratico, Debra Solotruck, George Solotruck, Steven Surrell, Anna Towle, Henry Vergi, and David White (Appellants or potentially interested parties) timely appealed that decision to this Court. Now pending before this Court is Applicants' Motion to Dismiss all parties for lack of standing, pursuant to Vermont Rules of Environmental Court Proceedings (V.R.E.C.P.) 5(d)(2). In the alternative, Applicants move for summary judgment in their favor.

## Standard of Review

This Court's jurisdiction extends only to "actual cases and controversies." Parker v. Town of Milton, 169 Vt. 76–77 (1998). Whether a case or controversy exists turns partially on whether the party bringing a claim has standing to do so. Id. at 77. Standing is a "necessary component to the court's subject-matter jurisdiction." Bischoff v. Bletz, 2008 VT 15, ¶ 15, 183 Vt. 235. Thus, when parties lack standing, courts lack the authority to render decisions. See id. at ¶ 15.

Applicants challenge whether Appellants have satisfied the standing requirements to appeal a decision of the ZBA established in 24 V.S.A. § 4471. We review this motion to dismiss

1

for lack of standing under Vermont Rule of Civil Procedure (V.R.C.P.) 12(b)(1) as a motion to dismiss for lack of jurisdiction.

## I.    Interested Persons

Applicant argues that Appellants do not qualify as interested persons under 24 V.S.A. § 4465(b)(3) or (4).  Relevant to this appeal, an interested person is defined in 24 V.S.A. § 4465(b)(3) as one "owning or occupying property in the immediate neighborhood of a property that is the subject of any decision or act" who can "demonstrate a physical or environmental impact" on their interest under the criteria reviewed.  Interested person is also defined, in 24 V.S.A. § 4465(b)(4), as:

> Any ten persons who may be any combination of voters or real property owners within a municipality . . . who, by signed petition to the appropriate municipal panel of a municipality, the plan or a bylaw of which is at issue in any appeal brought under this title, allege that any relief requested by a person under this title, if granted, will not be in accord with the policies, purposes, or terms of the plan or bylaw of that municipality.  The petition to the appropriate municipal panel must designate one person to serve as the representative of the petitioners regarding all matters related to the appeal.

This is often referred to as a "group of ten."

### A.  Group of Ten

As is made clear in the language of the statute, to be a group of ten qualifying as an interested person under 24 V.S.A. § 4465(b)(4), the group must file a requisite petition in the first instance with the appropriate municipal panel prior to the issuance of their decision.  See In re Albert, 2008 VT 30, ¶ 11–12, 183 Vt. 637.  Appellants petitioned for party status as a group of ten under § 4465(b)(4) concurrently with their Notice of Appeal to this Court and not, as required under the statute, to the municipal panel below prior to their issuance of a decision. Thus, we conclude that Appellants are not entitled to party status as a group of ten under 24 V.S.A. § 4465(b)(4).

### B.  Individual Standing

Because standing requirements evince a legislative intent to limit appeals, "an appellant must fall squarely within the statutory requirements."  In re Gulli, 174 Vt. 580, 582 n* (2002)

(interpreting 24 V.S.A. § 4464) (citations omitted); see also In re Verizon Wireless Barton Permit, 2010 VT 62, ¶ 7, 188 Vt. 262 ("Standing to appeal decisions related to municipal zoning is regulated by statute; we are thus obligated to abide by the Legislature's restrictions 'and may not judicially expand the class of persons entitled to such review.'") (quoting Garzo v. Stowe Bd. Of Adjustment, 144 Vt. 298, 302 (1984)). Standing to appeal municipal zoning decisions is governed by 24 V.S.A. § 4471 and requires two elements; first, qualifying as an "interested person," and second, participating in the below proceeding. 24 V.S.A. § 4465(b). Absent at least one person meeting both standing requirements, the Court does not have jurisdiction over, meaning the power to consider, an appeal. We address each requirement in turn.

### i.     Owning or Occupying Property in the Immediate Neighborhood

To determine whether a party's property is in the "immediate neighborhood" of a proposed project, the Court will consider the physical environment surrounding the project and the nexus between the project, the potential party, and the potential parties' property. See In re Bostwick Road Two-Lot Subdivision, Docket No. 211-10-05 Vtec, slip op. at 2–4 (Vt. Envtl. Ct. Feb. 24, 2006) (Durkin, J.), aff'd No. 2006-128 (Vt. 2007) (mem.). Whether a party owns or occupies property in the immediate neighborhood of a proposed project "is not strictly based on distance, but instead depends on 'whether the [party] potentially could be affected by any of the aspects of the project which have been preserved for review on appeal.'" In re McCullough Crushing Inc., Amended CU 2013, No 179-10-10 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. June 27, 2013) (Walsh, J.).

Applicants admit that the properties, as indicated by addresses, of Mary Ann Horton, Mary King, and Steve Surrell are within one-tenth of a mile of the Property; the properties of Shelly Allen, Helen Darby, Marion Pratico, Anna Towle, and David White are within one mile of the Property; and the properties of George Solotruck, Deborah Solotruck, and Henry Vergi are within 1.17, 1.17, and 1.62 miles of the Property, respectively. Applicants challenge whether any of these persons reside in the "immediate neighborhood" of the Property. (Applicant's Motion at 11). Applicants specifically address the location of Mr. Solotruck and Ms. Pratico's homes by asserting that the homes are not in the immediate neighborhood because they are located on the opposite side of Route 7, a heavily traveled, four-lane highway. Id.

The potentially interested parties offer little, if any, information to rebut Applicants' argument. Their sole argument, other than proximity, is that Mary King is an adjoining property owner, sharing a common driveway.[1] (Appellants' Memorandum at 3, filed Mar. 25, 2015). Based on the evidence before the Court at this stage of the proceeding, we are unable to conclude whether the potential parties own or occupy property in the immediate neighborhood of the development. We have little, if any, evidence concerning the physical environment surrounding the project, the nexus between the project and the potential parties, or the potential parties' property. "While the hurdle of demonstrating standing to appeal a decision to our Court is a low one, appellants must make the minimum factual allegations necessary for us to conclude that we have jurisdiction over their claims." In re Hartland Group Real Estate, No. 94-7-11 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Nov. 1, 2011) (Durkin, J.) (citing Brod v. Agency of Natural Resources, 2007 VT 87, ¶ 9, 182 Vt. 234). Only related to Ms. King's property is some nexus between the project and her property established. The other potentially interested parties who live less than one tenth of a mile away, even though they have failed to provide the requisite facts as to any nexus between their property and the project, may also qualify as owning or occupying property in the immediate neighborhood. The Court, however, cannot make any determination as to whether or not the other Appellants own or occupy property in the immediate neighborhood as they have failed to provide sufficient facts.

ii.     **A Physical or Environmental Impact**

In addition to showing that their property is in the immediate neighborhood of the project, persons seeking interested person status under § 4465(b)(3) must demonstrate a physical or environmental impact on their interest under the criteria reviewed. In re Farmer's Mold & Machine Works, Docket No. 15-2-14 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Jan. 4, 2015) (Walsh, J.).

Other than a bare assertion that Ms. King "disputes the traffic question, sufficiency of parking and other environmental issues as an adjoining land owner and the person most

---

[1] On page 5 of Appellants' Memorandum it incorrectly states that Marion Pratico is the appellant who shares a common driveway with the proposed development. Exhibit 14, however, indicates that Ms. Pratico lives .57 miles away on the opposite side of Route 7.

negatively impacted by Appellee's proposed business operations," no specificity is provided as to how the project will affect Ms. King. Giving Ms. King the benefit of all reasonable doubts, she is likely to qualify as an interested person. As noted below, however, as Ms. King did not participate in the proceedings before the ZBA. She therefore does not qualify as an appellant. As to the remaining potentially interested parties, no facts are alleged in their response demonstrating a physical or environmental impact on their interests, and they, therefore, do not qualify as interested persons under § 4465(b)(3).

Marion Pratico, who is no longer represented by Attorney Segale, filed her own response alleging that the Project will have environmental impacts on the Clarendon Elementary School but makes no allegation of how her property may be affected. Ms. Pratico only has standing to assert an impact on her interest and cannot represent other potential parties' interests. See In re UVM Certificate of Appropriateness, slip op. at 8 (Vt. Super. Ct. Envtl. Div. Feb. 26, 2013) (citing Warth v. Seldin, 422 U.S. 490, 499 (1975)) (noting that a potential appellant lacks standing to assert the rights of parties not involved in the appeal).

We conclude that Shelly Allen, Helen Darby, Mary Ann Horton, Marion Pratico, George Solotruck, Deborah Solotruck, Steve Surrell, Anna Towle, David White, and Henry Vergi fail to demonstrate a physical or environmental impact on their interest under the criteria reviewed.

### III. Participation in the Proceedings Below

In addition to satisfying the interested person requirements discussed in detail above, to appeal a decision, a party must have participated in the proceedings below to have standing as an appellant. 24 V.S.A. § 4471(a). In the context of standing, "participation" is defined as "offering, through oral or written testimony, evidence or a statement of concern related to the subject of the proceeding." Id.

Applicants acknowledge that two Appellants have provided the required showing of participation below: George Solotruck and Marion Pratico. Shelly Allen, Helen Darby, Mary Ann Horton, Mary King, Debra Solotruck, Steven Surrell, Anna Towle, Henry Vergi, and David White did not provide any assertion or evidence of their participation in the hearing below.

5

## Conclusion

We conclude that Appellants' failed to petition the ZBA as a group of ten and have thus failed to satisfy the requirements to be afforded party status as interested persons under 24 V.S.A. § 4465(b)(4). At this stage of this proceeding, based on the evidence before the Court, we are unable to conclude whether Appellants own or occupy property in the immediate neighborhood of the subject property. We do, however, conclude that Shelly Allen, Helen Darby, Mary Ann Horton, Marion Pratico, George Solotruck, Deborah Solotruck, Steve Surrell, Anna Towle, David White, and Henry Vergi fail to demonstrate a physical or environmental impact on their interest under the criteria reviewed. For this reason, these potentially interested parties do not have standing as either an interested party or appellant. Furthermore, as Shelly Allen, Helen Darby, Mary Ann Horton, Mary King, Marion Pratico, George Solotruck, Deborah Solotruck, Steve Surrell, Anna Towle, David White, and Henry Vergi did not participate in the proceedings below they cannot be appellants in this appeal, even if they were able to provide sufficient facts establishing that they are interested persons, which, with the possible exception of Mary King, they have not done. Thus, without an appellant with standing in this appeal, the Court lacks jurisdiction and the matter is **DISMISSED.** We need not address Applicant's motion for summary judgment.

This completes the proceedings currently before this Court. A Judgment Order accompanies this Decision.

Electronically signed on May 29, 2015 at 03:25 PM pursuant to V.R.E.F. 7(d).

_____

Thomas G. Walsh, Judge
Superior Court, Environmental Division

6