*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-238

NOVEMBER TERM, 2015

| | |
|---|---|
| In re Two Bad Cats LLC Conditional Use Permit | } APPEALED FROM:<br>}<br>} Superior Court,<br>} Environmental Division<br>}<br>}<br>} DOCKET NO. 169-12-14 Vtec<br><br>Trial Judge: Thomas G. Walsh |

In the above-entitled cause, the Clerk will enter:

Appellant, Marion Pratico, appeals a decision of the Environmental Division, dismissing her appeal for lack of standing. We affirm.

The record reveals the following facts. Applicant, Two Bad Cats, LLC, applied for a conditional use permit to operate a small, light industrial facility in North Clarendon, Vermont. The permit was granted by the local Zoning Board of Adjustment (ZBA) in November 2014. Several individuals, including appellant, filed an appeal with the Environmental Division. Applicant moved for dismissal or for summary judgment, arguing that the individuals did not satisfy the standing requirements to appeal a ZBA decision. In support, applicant submitted a statement of undisputed facts accompanied by exhibits and affidavits. The Environmental Division granted the motion, concluding that none of the individuals satisfied the statutory standing requirements, either individually or as a group. Appellant appealed.[1]

The sole question in this appeal is whether the Environmental Division erred in concluding that appellant lacked standing, meaning the legal right to appeal the ZBA's decision to grant a conditional use permit.[2] Standing is a legal question that we review de novo. In re Verizon Wireless Barton Permit, 2010 VT 62, ¶ 7, 188 Vt. 262. The requirements for standing to appeal a municipal decision to the Environmental Division are set by statute, which allows a

---

[1] Although several other individuals were listed on the appeal to the Environmental Division, only Marion Pratico filed an appeal with this Court from the dismissal.

[2] On appeal, appellant's brief primarily contains reasons that she contends the underlying ZBA decision was incorrect. These substantive challenges are beyond the scope of this appeal.

decision to be appealed by an "interested person who has participated in a municipal regulatory proceeding." 24 V.S.A. § 4471(a). Here, appellant satisfied the participation requirement by attending and offering comments before the ZBA. Id. § 4471(a) (stating that participation "consist[s] of offering, through oral or written testimony, evidence or a statement of concern related to the subject of the proceeding"); In re Carroll, 2007 VT 19, ¶ 17, 181 Vt. 383 (concluding individual had participated by making comments at municipal board proceeding). Therefore, the critical question is whether appellant meets the interested-person requirement in the statute.

There are two interested-person categories relevant to this appeal. Interested person includes a group of ten town property owners or voters who have submitted a petition to the appropriate municipal panel alleging that the proposal "will not be in accord with the policies, purposes, or terms of the plan or bylaw of that municipality." 24 V.S.A. § 4465(b)(4). This group-of-ten category does not apply here as a matter of law because the individuals who sought recognition as a group-of-ten to file an appeal in the Environmental Division did not file the requisite petition with the municipal panel prior to its decision as required by the statute. Id.; see In re Albert, 2008 VT 30, ¶ 11, 183 Vt. 637 (explaining that to have standing group of landowners were required to petition planning commission prior to issuance of its decision).

An interested person also is someone owning property in the "immediate neighborhood . . . , who can demonstrate a physical or environmental impact on the person's interest." 24 V.S.A. § 4465(b)(3). Applicant submitted evidence that Appellant Marion Pratico owns property 0.57 miles from the site of the proposal, and her property is located on the opposite side of Route 7, a heavily traveled, four-lane highway. Further, vegetation and other commercial uses separate appellant's property from the site of the proposal. Appellant did not dispute these facts or provide any evidence of her own to demonstrate that she is in the immediate neighborhood of the proposed project or that the permitted use will cause a physical or environmental impact on her interest. Based on this record, the Environmental Division concluded that appellant failed to demonstrate both that her property was in the immediate neighborhood of the proposal and that it would have a physical or environmental impact on her interest.

On appeal, appellant does not raise any particular challenges to the Environmental Division's conclusions. Instead, she simply asserts that she is an interested person without any explanation and identifies several substantive objections to the project. She does not explain how the issues she identifies demonstrate a physical or environmental impact on her interest. Appellant's general concerns about the project are insufficient to demonstrate she qualifies as an interested person. Appellant failed to contest the facts that her property is over a half mile from the project site and separated from the proposed site by a four-lane highway as well as vegetation and other commercial uses. Further, appellant has not offered any evidence to demonstrate how the project will have a particular physical or environmental impact on her interests. Therefore, the Environmental Division properly concluded that appellant did not qualify as an interested person. See In re Bostwick Road-2 Lot Subdivision & Final Plan Application, No. 2006-128, 2007 WL 5323083, at *3 (Vt. Jan. 25, 2007) (unpub. mem.), https://www.vermontjudiciary.org/

UPEO2006-2010/eo06-128.aspx (affirming decision that appellant was not interested person where facts did not show potential effect on his property or interest).

Affirmed.

BY THE COURT:

_____
Beth Robinson, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
James L. Morse, Associate Justice (Ret.),
Specially Assigned