**Secretary, Vermont Agency of Natural Resources v. Leo R. and Nancy Henry; Greenwoods Tenants' Ass'n**

[641 A.2d 1345]

No. 93-605

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed April 22, 1994

*Jeffrey L. Amestoy*, Attorney General, and *Ron Shems* and *John H. Hasen*, Assistant Attorneys General, Montpelier, for Plaintiff-Appellant.

*Lila Shapero*, Vermont Legal Aid, Inc., Burlington, for Intervenors-Appellees.

**Gibson, J.** The Agency of Natural Resources (ANR) appeals a decision of the Environmental Law Division (ELD) vacating an administrative order of the Department of Environmental Conservation (DEC). We reverse.

In April 1993, DEC issued an administrative order requiring appellees Leo and Nancy Henry to apply for an Act 250 permit for their mobile home park and remove all existing tenants from the park by September 1993 and until the park was duly permitted. The order was issued by Acting Commissioner Jack Long of DEC under 10 V.S.A. § 8008, pursuant to a letter of authorization from the Secretary of ANR, Charles Clarke. The letter delegated to Long, among other powers and duties, "full authority to implement the compliance and enforcement provisions of 10 V.S.A. Chapters 201 and 211."

The Henrys appealed the order to the ELD. The Greenwoods Tenants' Association, a group of mobile home owners at risk of losing their homesites, intervened and moved for dismissal of the order on the basis that chapter 201 does not give the Secretary of ANR authority to delegate the issuance of administrative orders. The ELD agreed with intervenors and vacated the order.

The relevant provisions of chapter 201 are as follows:

As used in this chapter:

. . . .

(7) "Secretary" means the secretary of the agency of natural resources, or the secretary's duly authorized representative.

10 V.S.A. § 8002(7).

(a) The secretary may issue an administrative order when the secretary determines that a violation exists. . . .

*Id.* § 8008(a)

Also relevant is 3 V.S.A. § 214, which provides that "[a] secretary . . . may delegate any authority, power or duty *other than a specific statutory authority* of the office to a designee; . . . ." (Emphasis added.) The public trust requires that a state agency

or department head may not delegate authority or duties that are "discretionary or quasi-judicial in character, or which require the exercise of judgment," absent a statute expressly permitting such delegation. *In re Buttolph*, 141 Vt. 601, 604–05, 451 A.2d 1129, 1131 (1982); accord *Margulis v. Myers*, 175 Cal. Rptr. 787, 791–92 (Ct. App. 1981) (powers that "'involve the exercise of judgment or discretion are in the nature of public trusts'") (quoting *California School Employees Ass'n v. Personnel Comm'n*, 474 P.2d 436, 439, 89 Cal. Rptr. 620, 623 (1970)).

In its decision, the ELD discussed the permissible extent to which an administrative head of a department may subdelegate authority that has been conferred by the Legislature. Relying on 3 V.S.A. § 214, the ELD ruled that "absent a statute 'expressly permitting' the delegation, an administrative head of a department, such as the Secretary, cannot delegate powers and functions which are discretionary." The ELD held that the issuance of an administrative order under 10 V.S.A. chapter 201 was a discretionary duty, and that no express subdelegation permission existed. By way of explanation, the ELD pointed to 3 V.S.A. § 2825(d), adopted in 1990, which provides that "[t]he secretary [of ANR] may delegate authorities and duties assigned to him or her by statute, for the purpose of administering chapters 55 [Aid to Municipalities for Water Supply, Pollution Abatement and Sewer Separation] and 159 [Waste Management] of Title 10 and chapter 120 [Special Environmental Revolving Fund] of Title 24." Since § 2825(d) does not include chapter 201 of Title 10, the ELD concluded that the Legislature did not intend the Secretary to subdelegate authority to issue administrative orders in environmental law enforcement matters under chapter 201.

The ELD found support for this holding when it looked at the preexisting definitional sections of the three chapters listed in § 2825(d). Two of them defined "Secretary" in a manner similar to 10 V.S.A. § 8002(7) to include an "authorized representative," see 10 V.S.A. § 6602(1); 24 V.S.A. § 4752(5), and the ELD reasoned that the more recently enacted permission to delegate in § 2825(d) would have been unnecessary had the Legislature believed it had previously conferred express permission to dele-

gate. According to the ELD, the express citation of the three chapters in § 2825(d) served to exclude all other environmental statutes from permission to delegate, and the "authorized representative" language found elsewhere in the statutes confers only the authority for the use of "staff to gather and present facts, make recommendations, and draft orders for the Secretary's signature."

ANR argues that subsection (d) of 3 V.S.A. § 2825 was part of a capital grants enactment that was intended to ensure the proper use of federal monies specifically designated for municipal water pollution control facilities, drinking water supply facilities, and solid waste management facilities. See 1989, No. 276 (Adj. Sess.), §§ 29–37. As such, ANR contends that the legislation was not intended to prohibit the Secretary from delegating authority to administer environmental programs not included therein. We agree.

■ The ELD's construction of § 2825(d) comes at the expense of the plain meaning of 10 V.S.A. § 8002(7), which defines "Secretary" to include a "duly authorized representative." See *Hill v. Conway*, 143 Vt. 91, 93, 463 A.2d 232, 233 (1983) (when meaning of statute is plain on its face, it must be enforced according to its terms). The construction also creates conflict where harmony is possible, for § 8002(7) does no more than grant express permission for the Secretary to delegate authority, in the same manner as 3 V.S.A. § 2825(d), as authorized by 3 V.S.A. § 214. See *State Agency of Nat. Resources v. Riendeau*, 157 Vt. 615, 620, 603 A.2d 360, 362 (1991) (Court favors interpretation that harmonizes conflicting statutory provisions).

■ Moreover, the 1990 act, which added subsection (d) to 3 V.S.A. § 2825, does not expressly repeal any existing legislation. By ruling that § 2825(d) preempts the field with respect to granting permission to delegate authority, the ELD fails to take account of the presumption against implied repeal of one statute by another. *Id.* Not only does the ELD's reading limit the functions of the Secretary's delegated representative to investigation, research, and drafting, but, more drastically, it would call into question, in many other environmental programs containing similar delegations of authority, all discre-

tionary actions that have been undertaken by "authorized" representatives on behalf of the Secretary. See, e.g., 10 V.S.A. chs. 23 (Air Pollution Control), 31 (Soil Conservation Act), 47 (Water Pollution Control), 48 (Groundwater Protection), 59 (Underground Liquid Storage Tanks), and 159 (Waste Management). Such a result would be unreasonable, could not have been intended by the Legislature, and should be avoided. See *In re Southview Assocs.*, 153 Vt. 171, 175, 569 A.2d 501, 503 (1989) ("We will avoid a construction that would render the legislation . . . irrational."). We therefore disregard as superfluous the redundancies between 3 V.S.A. § 2825(d)'s express permission to delegate and the additional express grants of permission contained in 10 V.S.A. § 6602(1) and 24 V.S.A. § 4752(5).

Intervenors argue that public policy considerations of accountability compel us to affirm the ELD. But to require the Secretary personally to execute all environmental enforcement orders would not heighten accountability, for the Secretary is already accountable within the political process, see 3 V.S.A. § 2821(a) (Secretary is appointed by Governor with advice and consent of Senate, and serves "at the pleasure of the governor"); rather, it would risk overburdening the Secretary, making it more difficult to carry out the broad mandate assigned to the position. We hold that the Acting Commissioner of DEC was duly authorized to issue the administrative order in this case and that 3 V.S.A. § 2825(d) did not repeal existing authority of the Secretary of ANR to designate an authorized representative to act on his behalf as provided in 10 V.S.A. § 8002(7).

*Reversed and remanded.*