### In re MILTON ARROWHEAD MOUNTAIN

[726 A.2d 54]

No. 98-337

January 8, 1999. Appellants, the Iron Workers District Council of New England and Wilbur Parker, seek review of the Department of Environmental Conservation's issuance of an encroachment permit to construct a bridge across Arrowhead Mountain Lake in the Town of Milton. They argue that the Water Resources Board and the superior court erred in ruling that their appeal of the department's decision to the board was untimely filed. We affirm.

On Friday, June 6, 1997, the department mailed appellants notice of its decision granting the town an encroachment permit that same day. Appellants received the notice on Monday, June 9, 1997. On Wednesday, June 18, 1997, the board received appellants' notice of appeal of the decision. The board dismissed the appeal as untimely filed, and the superior court later upheld the board's ruling.

Under the relevant statute, the department "shall give written notice" to specified persons or entities of its approval or denial of a permit application. 29 V.S.A. § 405(c). "Notice shall be given within five days of taking action." *Id.* Approval or denial of the permit "shall not be effective until 10 days after the department's notice." *Id.* A person may appeal the department's decision to the board "within 10 days from the date of notice of action." 29 V.S.A. § 406(a). A timely filing of an appeal stays the decision. See *id.*

Appellants argue that the superior court erred in holding that the period for taking an appeal under § 406(a) expires ten days after notice of the department's decision is sent. According to appellants, the plain meaning of the statute is that the appeal period runs from the date that the notice is *received.* We disagree. An appeal may be taken within ten days of "notice of action," which must be "given" within five days of taking the action. 29 V.S.A. §§ 405(c), 406(a). Ordinarily, notice of a decision is "given" at the time it is mailed, not received. See *Brinson v. Bethesda Hosp., Inc.*, 504 N.E.2d 496, 499 (Ohio C.P. 1985) (term "notice is given" refers to date on which notice is mailed); *Mullen v. Braatz*, 508 N.W.2d 446, 448 (Wis. Ct. App. 1993) (to "give" notice of appeal is synonymous with "service" of notice, which is complete upon mailing). This makes sense in the instant context. If the department cannot give notice of its decision until the notice is actually received, litigants could effectively stay a decision indefinitely simply by avoiding receipt of the notice. See 29 V.S.A. § 405(c) (decision approving or denying permit application shall not be effective until ten days after "notice of action"). As the board pointed out, when the Legislature has intended an actual receipt standard to trigger an appeal period, it has explicitly stated so. E.g., 10 V.S.A. § 6610a(b) (emergency order concerning disposal of hazardous materials "shall be

effective upon actual notice" to person against whom order is issued; such persons shall have opportunity for hearing within five business days of date order is issued).

We are not implying that a person who never actually received written or oral notice of an action by the department within the ten-day appeal period would necessarily be barred from appeal. See *Leo's Motors, Inc. v. Town of Manchester*, 158 Vt. 561, 566, 613 A.2d 196, 200 (1992). In the event a dispute arises as to whether notice was properly mailed, that factual dispute may be resolved by the board or on appeal by the superior court. See *Mullen*, 508 N.W.2d at 448-49 (proof that notice of decision was properly mailed raises rebuttable presumption that notice was "given"). Such an inquiry is not needed here, however, as appellants concede that they received notice of the department's decision on June 9, a week before the appeal period expired.

Appellants rely heavily on *Glabach v. Sardelli*, 132 Vt. 490, 321 A.2d 1 (1974), to support their argument that their appeal of the department's decision was timely filed. In *Glabach*, the issue was whether under 24 V.S.A. § 4470(a) a zoning board should be deemed to have rendered a decision in favor of the appellant when the board made a written decision but failed to notify the appellant of the decision within the statutory period. Construing the statutory language, this Court concluded that a decision is "rendered" only after notice is "given." *Id.* at 495, 321 A.2d at 5. We overruled this holding in *Leo's Motors*, 158 Vt. at 565, 613 A.2d at 199, but appellants contend that *Glabach* is still good law as to when the period for taking an appeal commences to run. Even assuming that this is true, *Glabach* is unavailing to appellants here. Although the opinion uses the word "receives" at one point in describing when notice is sent and thus judgment rendered, it stands for the proposition, when read in

its entirety, that "a variance decision is not rendered until it is mailed to the applicant." *Leo's Motors*, 158 Vt. at 563, 613 A.2d at 198 (stating *Glabach* holding). As we noted in *Leo's Motors*, the *Glabach* Court was concerned that appeal rights could be lost if a zoning board buried its decision in the minutes of a meeting and then neglected to comply with statutory notification requirements. See *id.* In this case, notice was sent to appellants the same day that the decision was made, and thus there was no violation of the statutory requirement that notice be given within five days of the decision. See 29 V.S.A. § 405(c).

While we recognize the general rule that statutes regulating appeal rights are remedial in nature and must be liberally construed in favor of persons exercising those rights, our ultimate goal is to give effect to the intent of the Legislature. See *In re Walker Estate*, 112 Vt. 148, 151, 22 A.2d 183, 185 (1941). Here, the statutory language does not suggest that the Legislature intended the appeal period to commence on the date the department's "notice of action" was received. See *Santi v. Roxbury Town Sch. Dist.*, 165 Vt. 476, 481, 685 A.2d 301, 304 (1996) (statutes must be construed consistently with their purpose, subject matter, effects and consequences so as to avoid irrational results). With this in mind, we hold that the ten-day time period for filing a notice of appeal under § 406(a) commences at the time the "notice of action" is sent.

*Affirmed.*