STATE OF VERMONT

ENVIRONMENTAL COURT

Land Use Panel of the
Natural Resources Board,
    Plaintiff,

    v.                                Docket No. 154-8-09 Vtec

Ronald J. Placzek and John S. Placzek,
    Respondents.

Decision and Order on Pending Motions

On March 13, 2009, in the above-captioned case, the Chair of the Land Use Panel of the Natural Resources Board (Land Use Panel) issued an Administrative Order pursuant to 10 V.S.A. § 8008 against Respondents Ronald J. Placzek and John S. Placzek (Respondents) for violation of an Act 250 permit.  Respondents subsequently requested a hearing before the Environmental Court under 10 V.S.A. § 8012(a).

Respondents are represented by Jon Anderson, Esq. and David W. Rugh, Esq.; the Land Use Panel is represented by its General Counsel, John H. Hasen, Esq. Respondent John S. Placzek is the son of Respondent Ronald J. Placzek.

The Land Use Panel has moved to dismiss both Respondents' requests for a hearing as being untimely filed.  Respondents have moved for an extension of time under Vermont Rule of Appellate Procedure 4(d) to file their notices of request for a hearing.[1]  Respondents have also moved to dismiss the Administrative Order, claiming

---

[1]  Please note that this decision coincidentally involves Rule 4 of each of three different sets of court rules: the Vermont Rules of Appellate Procedure (V.R.A.P.), the Vermont Rules for Environmental Court Proceedings (V.R.E.C.P.), and the Vermont Rules of Civil Procedure (V.R.C.P.).

1

it to be invalid because it was not properly issued.

Respondents own a parcel of land that is Lot 4 of an eight-lot subdivision. The subdivision, and therefore Respondents' Lot 4, is covered by Act 250 Land Use Permit #2W0858. As quoted in paragraph 1 of the Administrative Order, the permit authorized "an eight-lot subdivision to be used for seasonal camping, outdoor recreation[,] and forestry management." Paragraph 2 of the Administrative Order quotes Condition 6 of the Permit as stating:

> The lots in this subdivision are approved for use as seasonal camps utilizing recreational vehicles, tents, or primitive lean-tos. The construction of housing is prohibited.

Paragraph 3 of the Administrative Order asserts that Respondents have "constructed improvements" on their lot that do not comply with Condition 6. The Administrative Order seeks compliance with the Act 250 Permit, and specifically that Respondents "shall remove all improvements constructed on Lot 4." It also seeks an $8000 civil penalty.

The Administrative Order was issued in the name of the "Land Use Panel of the Natural Resources Board" and was signed by the Chair of the Land Use Panel (Land Use Panel Chair or Panel Chair). It contains the statement, under the heading of "Respondents' Right to a Hearing Before the Environmental Court," that

> The Respondents have the right to request a hearing on this Administrative Order before the Environmental Court under 10 V.S.A. § 8012 by filing a Notice of Request for Hearing within **fifteen (15) days** of the date the Respondents receive this Administrative Order. The Respondents must file, within the time limit, a Notice of Request for Hearing with both the Land Use Panel and the Environmental Court at the following addresses.

Administrative Order at 2–3 (emphasis in original).

On July 21, 2009, a Deputy Sheriff of Hampden County (Mass.) gave "the Administrative Orders and Affidavits, in hand to" Respondent Ronald J. Placzek at the

2

office of the Sheriff at 1170 Main Street in Springfield, Massachusetts. Deputy Sheriff Walsh Aff. (July 21, 2009). On July 28, 2009, a Deputy Sheriff of Hampden County "made service" of the out[-]of[-]state adm[inistrative] order upon" Respondent John Placzek "by leaving said service at the last and usual place of abod[e] with his wife Bonnie Placzek[,] to wit[:] 156 Kendall St[.,], Ludlow, MA 01056." Deputy Sheriff Niziankiewicz Aff. (July 29, 2009). The parties have not provided the date on which Respondent John Placzek actually received the Administrative Order.

On August 19, 2009, both Respondents filed a request for a hearing with the Environmental Court, pursuant to 10 V.S.A. § 8012.

Respondents' V.R.A.P. 4(d) Motion to Extend Time to File Request for a Hearing

On Sept. 24, 2009, Respondents filed a "Motion to Extend Time to File Request for a Hearing" under V.R.A.P. 4(d). The Rules of Appellate Procedure are made applicable to this Court's work on judicial review of environmental enforcement orders, governed by V.R.E.C.P. 4, under V.R.E.C.P. 4(a)(2), "except where another procedure is expressly provided by" V.R.E.C.P. 4(b)–(e).

However, V.R.A.P. 4(d) only governs motions to extend the time to file a notice of appeal, in appeals taken of right, which themselves have a thirty-day appeal period, such as those appeals within the jurisdiction of the environmental court. 10 V.S.A. § 8504; V.R.E.C.P. 5(a). V.R.A.P. 4(d) allows a court to "extend the time for filing the notice of appeal if a party so moves no later than 30 days after the [initial 30-day appeal period] expires and . . . the party shows excusable neglect or good cause."

By contrast, V.R.A.P. 4 does not by its terms even apply to a court case, such as this one, that is not an appeal and is not commenced by the filing of a notice of appeal.[2]

---

[2] Respondents themselves state: "There has been no 'appeal' in this case. Rather, Respondents have filed a 'request for a hearing' pursuant to 10 V.S.A. § 8012." Respondents' Reply Memorandum, at 2 (Oct. 23, 2009).

3

The present case is instead commenced by the filing of a "notice of a request for hearing" under 10 V.S.A. § 8012(a), which is required to be filed within a much shorter period: "within 15 days from receipt of the order." 10 V.S.A. § 8012(c). The extension of time provided by V.R.A.P. 4(d) therefore is not available to Respondents in this type of case. Respondents' motion for an extension of time under V.R.A.P. 4, to file a notice of request for a hearing under 10 V.S.A. § 8012, must be DENIED.

Respondent's Motion to Dismiss: Service of Administrative Order

Under the Uniform Environmental Law Enforcement Act, 10 V.S.A. chapter 201, "[t]he secretary [of the Agency of Natural Resources (ANR)] may issue an administrative order when the secretary determines that a violation exists" under one of the statutes enforceable under the Act. 10 V.S.A. § 8008(a). The referenced statutes include Act 250. 10 V.S.A. § 8003(a)(10).

Section 8008(a) requires that each administrative order "shall be served on the respondent in person or by acceptance of service, in accordance with court rules, by a person designated by the respondent." Id. § 8008(a). A respondent has the right to request an Environmental Court hearing on an administrative order issued by the Secretary. Id. § 8012(a). The statute requires that "[n]otice of the request for hearing shall be filed within 15 days of receipt of the order." Id. § 8012(c).[3] The notice of a request for hearing must be filed both with the Environmental Court and with the Secretary. Id. § 8012(a).

When construing statutes, the Court's "ultimate goal is to give effect to the intent of the Legislature," In re Albert, 2008 VT 30, ¶ 8, 183 Vt. 637 (mem.) (quoting In re Milton Arrowhead Mountain, 169 Vt. 531, 533 (1999) (mem.)), even in light of the

---

[3] The fifteen-day period under 10 V.S.A. § 8012(c) is calculated in accordance with V.R.C.P. 6(a) (governing computation of "any period of time prescribed or allowed by . . . any applicable statute").

general rule that statutes regulating appeal rights, or in this case the right to request a court hearing on an administrative order, "are remedial in nature and must be liberally construed in favor of persons exercising those rights." In re Albert, 2008 VT 30, ¶ 8 (citing Casella Constr., Inc. v. Dep't of Taxes, 2005 VT 18, ¶ 5, 178 Vt. 61).

In analyzing the statute's requirements for how an administrative order needs to be served and what triggers the fifteen-day period to request a hearing, the "definitive source of legislative intent is the statutory language," which is binding "unless it is uncertain or unclear." In re Bennington School, Inc., 2004 VT 6, ¶ 12, 176 Vt. 584 (mem.); Ins. Co. of State of Penn. v. Johnson, 2009 VT 92, ¶ 5.

The plain language of § 8012(c) explicitly provides that the fifteen-day period to request a hearing begins to run upon "receipt" of the order by the respondent. In Arrowhead Mountain, the Vermont Supreme Court pointed out that "when the Legislature has intended actual receipt standard to trigger an appeal period," or a period of time to request a hearing, "it has explicitly stated so." Arrowhead Mountain, 169 Vt. at 532. In evaluating a statute requiring an appeal to be filed within 10 days from the date that written "notice of action" is "given," id. (citing 29 V.S.A. §§ 405(c), 406(a)), the Supreme Court rejected an argument that the period should commence upon actual receipt of the written notice. By comparison, the Court provided the example of 10 V.S.A. § 6610a(b), which stated that an order "shall be effective upon actual notice" to the respondent, as a statute in which the legislature had "explicitly stated" that it "intended an actual receipt standard to trigger" the period for requesting a "hearing." Id. at 532.

As well as explicitly stating that a "request for hearing shall be filed within fifteen days of receipt of the order," 10 V.S.A. § 8012(c),[4] the legislature has also

---

[4]   See also V.R.E.C.P. 4(d)(2) ("Review of an order of the Secretary shall be taken by filing a notice of the request with . . . the Environmental Court and with the Secretary within fifteen days of receipt of the order . . . .").

explicitly required the order to be "served on the respondent <u>in person</u>," or on someone designated by the respondent to accept service.  10 V.S.A. § 8008(a) (emphasis added).[5]

The explicit language used in §§ 8008(a) and 8012(c) demonstrates that the legislature intended only actual, in-person receipt (or acceptance of service by a respondent's designated representative) to trigger the fifteen-day period to request a hearing.  Moreover, the type of "personal service" allowed by V.R.C.P. 4, for example, by leaving it at the person's house "with some person of suitable age and discretion then residing therein," does not apply to administrative order proceedings in Environmental Court.  See V.R.E.C.P. 4(a)(3) (stating that V.R.C.P. 4 "shall not apply to proceedings under V.R.E.C.P. 4," which governs "environmental enforcement orders under 10 V.S.A. § 8001–8013").[6]

Had the legislature intended for anything less than actual receipt by the respondent to trigger the period to file a request for hearing, it could have so provided.  For example, § 8006 of the same statute (governing warnings and notices of alleged violations) allows a written "notice of alleged violation" to be "served in person or by certified mail, return receipt requested."   10 V.S.A. § 8006 (a), (b).  In fact, § 8008(a) formerly provided the same alternative, until it was amended to the present language in

_____

[5]  Section 8008(a) uses the phrase "in accordance with court rules" only to characterize how a person can be designated to accept service; this phrase does not modify the first part of the sentence requiring the order to be "served on the respondent in person." The statute provides for two separate and distinct ways to serve the administrative order: "on the respondent in person <u>or</u> by acceptance of service . . . by a person designated by the respondent."  Id. § 8008(a) (emphasis added); see <u>Judicial Watch, Inc. v. State</u>, 179 Vt. 214, 220-221 (2005) ("[U]se of disjunctive in statute implies separate and independent categories" (characterizing the holding in <u>Firefighters of Brattleboro v. Brattleboro Fire Dep't</u>, 138 Vt. 347, 351 (1980)).

[6]   Although the Land Use Panel argues that any service in accordance with V.R.C.P. 4 should satisfy the requirements of § 8008(a), the Panel itself stated in the administrative order that the order "shall become effective on the <u>date it is received by the Respondents</u> unless the Respondents file a Notice of Request for a Hearing within fifteen (15) days of <u>receipt</u>."  Administrative Order, at 3 (emphasis added).

2007. That is, under the former language an administrative order could be sent by certified mail, return receipt requested, or could be "served on the respondent in person." See 10 V.S.A. § 8008(a) (2006) ("The order shall be served on the respondent in person or by certified mail, return receipt requested."). In 2007 that provision was amended to delete the certified mail option, as well as to provide for a designated agent to accept service.

The fact that the length of the fifteen-day period for filing a notice of request for hearing under 10 V.S.A. § 8012(c) is much shorter than the standard thirty-day appeal period governed by V.R.A.P. 4 lends additional support to the interpretation that an administrative order must be served in person. The short fifteen-day period does not begin to run until the administrative order is actually received by a respondent (or accepted for service by a designated representative).

Once a respondent has received an administrative order, notice of the request for a hearing must be filed within 15 days of the receipt of the order. This statutory time limitation imposed by the Legislature in § 8012(c) is a jurisdictional prerequisite to the Court's ability to proceed to a hearing on a properly issued administrative order.

Further, if notice of request for a hearing has not been filed within the fifteen-day period following a respondent's receipt of an administrative order, 10 V.S.A. § 8008(d)(1) requires the Court to proceed to sign the administrative order as a judicial order, if the administrative order also was properly served and otherwise meets the requirements of 10 V.S.A. chapter 201.[7] In the present case, the Administrative Order was not "properly served" on Respondent John S. Placzek "in person," and could not therefore be signed as a judicial order as to him under § 8008(d)(1).

---

[7] Subsection (d) of 10 V.S.A. § 8008 was added by 2007, No. 191 (Adj. Sess.), § 4, effective on July 1, 2008.

<u>Respondents' Motion to Dismiss:  Delegation</u>

Respondents have moved to dismiss the Administrative Order because it was not issued in the name of the Secretary of the Agency of Natural Resources, but rather was issued in the name of the Land Use Panel and was signed by the Panel Chair. Respondents argue that even if the Panel Chair has been delegated the authority to issue administrative orders, the Panel Chair has not been delegated the authority to issue such orders in his own name or that of the Land Use Panel.

The Uniform Environmental Enforcement Act provides that "the secretary may issue an administrative order when the secretary determines that a violation exists."  10 V.S.A. § 8008(a).   The Act defines the term "Secretary" as "the secretary of the agency of natural resources, or the secretary's duly authorized representative."   10 V.S.A. § 8002(7).    Within the Executive Branch, 3 V.S.A. § 214 allows a "secretary, commissioner or director [to] delegate any authority, power or duty other than a specific statutory authority of the office to a designee."  The Secretary of the Agency of Natural Resources therefore is also permitted to delegate to a "duly authorized representative" the authority to issue an administrative order under 10 V.S.A. § 8008(a). The Vermont Supreme Court determined that "§ 8002(7) does no more than grant express permission for the Secretary to delegate authority . . . as authorized by 3 V.S.A. § 214."  <u>Sec'y, Vt. Agency of Natural Res. v. Henry</u>, 161 Vt. 556, 559 (1994) (upholding the Secretary's power to subdelegate to subordinates the authority to issue administrative orders under 10 V.S.A. § 8008(a)).

Specifically with respect to Act 250, 10 V.S.A. § 8004 provides that "the secretary shall institute enforcement proceedings under [Act 250] when requested by the land use panel."  By the express language of § 8004, it is the Secretary of ANR who institutes the enforcement proceedings, if requested to do so by the Land Use Panel. In the same section, the legislature also gave the Secretary and the Land Use Panel of the Natural Resources Board statutory authority to "develop procedures for the cooperative

8

enforcement of [Act 250]" using the provisions of 10 V.S.A. chapter 201. 10 V.S.A. § 8004.

Pursuant to this authority, the Secretary of the Agency of Natural Resources executed a "Memorandum of Understanding and Delegation of Authority" that, among other things, "delegates to the Chair of the Land Use Panel certain authority vested in the Secretary pursuant to 10 V.S.A. Chapter 201 (authority to issue Administrative Orders under 10 V.S.A. Sections 8008 and 8009)." Memorandum of Understanding and Delegation of Authority, at 1 (Jan. 10, 2008) [hereinafter January 2008 Memorandum of Understanding]. See also id. at 7, ¶ 13 (delegating "the authority contained in 10 V.S.A. §§8008 and 8009 to issue and seek administrative orders for violations of [Act 250]" to the "Chair of the Land Use Panel").

The Chair of the Land Use Panel is therefore a "duly authorized representative" of the Secretary who has been delegated the authority to "issue and seek administrative orders" under 10 V.S.A. § 8008, with respect to alleged violations of Act 250.

However, although the Land Use Panel Chair has been delegated the authority to issue administrative orders, that authority is limited to the scope of the Secretary's delegation and the provisions of the January 2008 Memorandum of Understanding, as well as the scope of the enabling statute, in the same way that an administrative agency cannot "exceed[] the authority delegated to [it] under its enabling act" by the Legislature, Vermont Ass'n of Realtors, Inc. v. State, 156 Vt. 525, 530 (1991) (citing In re Club 107, 152 Vt. 320, 326 (1989)).

While the statute does not explicitly require an administrative order to be issued in the name of the Secretary, with respect to Act 250 enforcement it only provides for the Secretary to "institute enforcement proceedings" when requested by the Land Use Panel. 10 V.S.A. § 8004. The statute does not itself authorize administrative orders to be issued in the name of the Land Use Panel or the Panel Chair.

Unlike the statute, the January 2008 Memorandum of Understanding does

9

contain a specific requirement that litigation undertaken by the Land Use Panel be conducted "in the Secretary's name," and only allows such litigation if prior consultation has occurred between the Panel's attorney and the director of the ANR's Enforcement Division.   Section 3(b) of the Memorandum of Understanding states that:

> If a case raises only Act 250 violations . . . the Panel Chair will assign the case to the Panel Enforcement Attorney for the purpose of attempting to negotiate a settlement in cooperation with the District Coordinator.  If the negotiations are unsuccessful, the Panel General Counsel may . . . direct the Panel Enforcement Attorney to commence litigation under 10 V.S.A., Ch. 201.  . . . [T]he Panel Enforcement Attorney shall consult with the [ANR Enforcement Division] Director to ensure that the case is handled in a manner consistent with other Ch. 201 enforcement cases handled by the Enforcement Division.

> The Secretary hereby authorizes the Panel General Counsel and the Panel Enforcement Attorney to litigate in the Secretary's name , provided such consultation occurs.  To facilitate such litigation, the Secretary hereby delegates to the Panel Chair certain authority vested in the Secretary pursuant to 10 V.S.A. Ch. 201, as set forth in § 13 of this Memorandum [delegating the authority to issue administrative orders for violations of Act 250, among other things].

January 2008 Memorandum of Understanding § 3(b), at 3–4 (emphasis added).[8]

Under § 3(b), the Panel General Counsel or the Panel Enforcement Attorney must

---

[8]   The Land Use Panel suggests that this language requires only the commencement of actions in court to be brought in the name of the Secretary, and that it does not similarly restrict the form of administrative orders.  However, administrative orders are brought into court by the respondent, not by the representative of the state.  If administrative orders were to be issued in the name of the Land Use Panel Chair, once a respondent had requested a hearing, thereby moving the case into this Court for litigation, the language of § 3(b) would preclude the Land Use Panel attorneys from further litigating those administrative orders, because they had not been brought "in the Secretary's name."  This interpretation not only is inconsistent with the January 2008 Memorandum of Understanding and the Secretary's delegation of authority, but it also creates an absurd and irrational result.  See In re Pierce Subdivision Application, 2008 VT 100, ¶ 8, 184 Vt. 365 (explaining that irrational and absurd interpretations of an ordinance will not be upheld).

10

"litigate in the Secretary's name." Id. The section's reference to "litigation under 10 V.S.A., Ch. 201," encompasses all stages of enforcement provided by that statute, including § 8008 administrative orders, § 8009 emergency orders, § 8012–13 hearings if a respondent requests a hearing in environmental court, and § 8014 actions to enforce a final administrative order. It is in the context of "such litigation" that § 3(b) of the January 2008 Memorandum of Understanding delegates to the Land Use Panel Chair the authority to issue administrative orders.

Of course, the ANR Secretary and the Panel Chair were and are free to negotiate or renegotiate the terms of their Memorandum of Understanding and Delegation of Authority, pursuant to 3 V.S.A. § 214 and 10 V.S.A. § 8004. Nothing prevented them, or prevents them in the future, from allowing Administrative Orders to be issued by the Land Use Panel Chair in the name of the Land Use Panel or in the name of the Panel Chair. This Court is merely constrained to apply the terms of the Memorandum of Understanding and Delegation of Authority as it is written, to define the scope of and limitations on the Secretary's delegation of authority to the Land Use Panel Chair.

The fact that the Administrative Order that is the subject of the present case was signed by the Panel Chair does not violate the terms of the January 2008 Memorandum of Understanding. However, the fact that the Administrative Order in the present case was issued in the name of the Land Use Panel of the Natural Resources Board is contrary to the specific requirements of § 3(b) of the January 2008 Memorandum of Understanding. It therefore exceeds the scope of the Secretary's delegation, and must be vacated and remanded, without prejudice to the subsequent reissuance and new service of any such order or orders.[9]

---

[9] Any new case, if any, based on requests for hearing filed with regard to any such subsequent administrative orders would receive a new docket number as of the date of filing.

11

<u>Remaining Issues</u>

Because the Administrative Order must be vacated and remanded, this decision does not address the remaining issues as to the timeliness of Respondents' notices of request for hearing, as they have become moot. See, e.g., <u>In re Dodge Farm Community, LLC</u>, No. 2008-356, slip op. at 2 (Vt. Nov. 17, 2009) (mem.) (resolving an issue "no longer tied to a live controversy" would constitute an impermissible "advisory opinion").

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Respondents' V.R.A.P. 4(d) Motion to extend time to file their requests for hearing is DENIED. It is also ORDERED and ADJUDGED that Respondents' Motion to Dismiss the Administrative Order is GRANTED; the Administrative Order is hereby vacated and remanded, without prejudice to the subsequent reissuance and new service of any such order or orders, concluding the above-captioned case.

Done at Berlin, Vermont, this 25th day of November, 2009.

_____
Merideth Wright
Environmental Judge