STATE OF VERMONT

SUPERIOR COURT

ENVIRONMENTAL DIVISION
Docket No. 108-8-17 Vtec

| | |
|---|---|
| Pelican/Lamos Variance | DECISION ON MOTION |

Faye Pelican and Terry Lamos ("Appellants") appeal two related July 19, 2017 decisions issued by the City of Saint Albans Development Review Board ("DRB") denying their applications for a conditional use permit and a variance regarding their property located at 89 ½ Pearl Street in Saint Albans, Vermont ("the Property"). Appellants seek a conditional use permit to change the use of the Property from a single-family dwelling to a two-family dwelling. They further seek a variance from the side yard setback requirement applicable to two-family dwellings. Presently before the Court is the City of Saint Albans' ("City") motion for summary judgment.

Appellants are represented by Robert E. Farrar, Esq. The City is represented by Colin K. McNeil, Esq.

### Standard of Review

Pursuant to V.R.C.P. 56(a), we will grant summary judgment to a party "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a), applicable here through V.R.E.C.P. 5(a)(2). When considering a motion for summary judgment, we give the nonmoving party the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356. Once the moving party meets the initial burden of showing no material facts are disputed, the burden shifts to the non-moving party to establish a triable issue of fact. Pierce v. Riggs, 149 Vt. 136, 138 (1987). To establish that a fact is disputed or unsupported by the record, the non-moving party must cite to materials in the record or show that the materials cited by the moving party do not establish the absence of a genuine dispute. V.R.C.P. 56(c).

### Factual Background

We recite the following facts solely for the purpose of deciding the pending motion for summary judgment. Our present recitation summarizes the facts that we have deemed

undisputed and material to the legal issues raised by the parties in their pending motions, but should not be mistaken for factual findings, which cannot occur until after the Court conducts a trial. Fritzeen v. Trudell Consulting Eng'rs, Inc., 170 Vt. 632, 633 (2000).

1. Ms. Pelican owns the property located at 89 ½ Pearl Street in Saint Albans, Vermont.

2. The Property is approximately 0.34 acres and is improved by a residential home.

3. The Property's side porch is located 11 feet from the side property line.

4. Other properties in the immediate vicinity of the Property have similar dimensions and are used as single-family dwellings.

5. The Property is located in the Low Density Residential District ("LDR") as defined by the City of St, Albans Land Development Regulations ("the Regulations").

6. Single-family dwellings are the primary use within the LDR. Regulations § 303(A)(1). Two-family dwellings are permitted as conditional uses within the district in accordance with Regulations § 602. Id. at § 304.

7. Single-family dwellings are subject to a 10-foot minimum side yard setback in the LDR. Id. at § 306. All other uses, which would include two-family dwellings, are subject to a minimum side yard setback of 15 feet. Id.

8. Ms. Pelican obtained the Property in 1976. At that time, Ms. Pelican's family lived in the residence with another family. The other family moved out approximately a year and a half later. The Property was used as a single-family dwelling by Ms. Pelican's family until 1989.

9. In 1989, Ms. Pelican began improving the Property. On July 3, 1989, Ms. Pelican received a building permit for an addition on the Property. She added a second living unit, including a second kitchen, by constructing a 19-by-22-foot addition on the northern side of the residence.

10. The July 3, 1989 permit did not reference a change in use at the Property from a single-family dwelling to a two-family dwelling. The permit required the Property to remain in compliance with the 10-foot side yard setback.

11. On June 16, 1998, Ms. Pelican applied for additional approvals for the Property. On the same day, the then-Zoning Administrator approved a building permit for an addition on the Property. However, the former Zoning Administrator denied Ms. Pelican's request for a second

dwelling unit on the Property, stating that such a use would require a conditional use permit issued by the Zoning Board of Adjustment ("ZBA").

12. In the building permit, the Zoning Administrator stated: "I want to make it very clear that you are not permitted to begin construction on a second dwelling unit. Should you receive approval, then you can proceed at that time. Whatever construction you start at this time has to be clearly for additional living space to the existing single family home." She further stated that an additional kitchen was not permitted.

13. The Zoning Administrator then referred the matter to the ZBA for consideration of whether the Property could be used as a two-family dwelling and noted that Ms. Pelican would be required to seek a variance for the side yard setback for such a use.

14. On July 7, 1998, the ZBA held a public hearing on Ms. Pelican's application for a variance from the Regulations regarding the 15-foot side yard setback applicable to two-family dwellings.

15. In a July 15, 1998 decision, the ZBA denied the application. In the decision, the ZBA found that Ms. Pelican sought the variance to accommodate the conversion of the use at the Property from a single-family to a two-family dwelling and that a single-family dwelling was a reasonable use of the Property. Because of this conclusion, the ZBA determined that the proposal did not satisfy all of the requirements of 24 V.S.A. § 4468, which formerly set out the facts that must be found in order to grant a variance (now set out in 24 V.S.A. § 4469).

16. No party appealed the July 15, 1998 decision to this Court. Therefore, that decision became final by operation of law 30 days after its issuance. See 24V.S.A. § § 4471, 4472; V.R.E.C.P. 5(b)(1).

17. In September 1998, Ms. Pelican sought a permit to conduct further activities at the Property. She listed the current and proposed use of the Property as a single-family dwelling.

18. On April 3, 2017, the City contacted Ms. Pelican regarding whether the Property was being used as a two-family dwelling, which, according to the City's letter, was unpermitted.

19. On May 10, 2017, Ms. Pelican applied for a public hearing and design review pursuant to the Regulations. The request sought a variance from the side yard setback applicable to two-family dwellings and conditional use approval for a change in use of the Property from a single-family dwelling to a two-family dwelling.

3

20. On June 5, 2017, the DRB held a hearing on both requests and subsequently denied both on July 19, 2017.

21. Ms. Pelican then filed a timely appeal with this Court.

## Discussion

The City moves for summary judgment on all four Questions raised in Ms. Pelican's Statement of Questions. The Questions generally ask whether Ms. Pelican is entitled to a variance and a conditional use permit. We will address these issues in turn. However, due to matters raise by Ms. Pelican in her response to the City's motion, we first address the import of prior statements made by a previous Zoning Administrator regarding the Property.

### I. Whether prior statements of the former Zoning Administrator have bearing on the pending appeal

Ms. Pelican asserts that, in 1989, the prior City Zoning Administrator gave her oral permission to add a second unit to the Property. It appears that she asserts that, based on this statement, the City is now estopped from denying her present variance and conditional use applications. Putting aside whether these alleged statements may be admissible in this matter, we first analyze whether this issue is properly before the Court in this appeal.

The Environmental Division's jurisdiction in an appeal of a municipal panel's decision is dictated and restricted by an appellant's Statement of Questions. See V.R.E.C.P. 5(f); In re Garen, 174 Vt. 151, 156 (2002). Therefore, the Statement of Questions limits the scope of an appeal before us.

The Statement of Questions must be sufficiently clear to give the Court and the other parties notice of the grounds on which the appellant's claims rest. Reporter's Notes, V.R.C.P. 8(a) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). Both the parties and the Court "are entitled to a statement of questions that is not vague or ambiguous, but is sufficiently definite so that they are able to know what issues to prepare for trial." In re Unified Buddhist Church, Inc., Indirect Discharge Permit, No. 253-10-06 Vtec, slip op. at 5 (Vt. Envtl. Ct. May 11, 2007) (Wright, J.).

Ms. Pelican raises four Questions in her Statement of Questions. They are as follows:

1. Because the . . . DRB . . . expressly stated in its *Conclusion* that "the request for a conditional use is in accord with the requirements and generally meets the standards of Section 602 [of] the Land Development Regulations, should the [applicant] be

4

entitled to a conditional use permit as a matter of law in that there was no reason for a denial in the first place.

2. Because the DRB expressly stated in its *Conclusion* . . . that "the request for a side setback form [sic from] 15 feet to 11 feet for a Two Family Dwelling is in accord with the requirements and generally meets the standards of Section 603 . . .," should the [applicant] be entitled to a variance as a matter of law in that there was no reason for a denial in the first place.

3. In a *de novo* merits hearing, do the appellants meet the criteria for a variance.

4. In a *de novo* merits hearing, do the appellants meet the criteria for a conditional use permit.

(Emphasis in original.)[1]

The Statement of Questions here direct us to consider the merits of the applications before the Court relative to the applicable regulatory standards, not an equitable claim of estoppel that exists outside the scope of the proposal's merits. Even employing the most liberal construction of the Questions, we cannot reach a reading which would cure this deficiency. See In re Milton Arrowhead Mountain, 169 Vt. 531, 531 (1999) (recognizing the general rule that statutory appeal rights are to be liberally construed in favor of the persons exercising those rights) (citation omitted). We further cannot conclude that this issue is somehow intrinsic to the legal issues raised on appeal and, therefore, subject to review. See In re Laberge NOV, 2016 VT 99, ¶ 15, 203 Vt. 98 (citing In re Jolley Assocs., 2006 VT 132, ¶ 9, 181 Vt. 190).

Here, it appears that Ms. Pelican asks that we afford her a type of equitable relief that is beyond the scope of the legal issues presented in her Statement of Questions. Therefore, we must decline her request to consider the import of these alleged prior statements to the pending applications.

## II. Whether Ms. Pelican is entitled to a variance

The Legislature has identified five criteria which must be met in order for an applicant to be entitled to a variance. 24 V.S.A. § 4469. The City has adopted these criteria in the Regulations. See Regulations § 905.2. The criteria are:

---

[1] The City correctly points out that Questions 1 and 2 as framed ask whether there was a reason for the DRB to deny the applications and Questions 3 and 4 address whether the permits should be granted. We agree that, given the nature of this Court's de novo review, there is no meaningful difference between these Questions. Therefore, the issues before the Court are whether Ms. Pelican is entitled to a variance and conditional use permit pursuant to the Regulations.

1. That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property, and that unnecessary hardship is due to such conditions; and not the circumstances or conditions generally created by the provisions of the zoning regulation in the neighborhood or district in which the property in located.

2. That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning regulation and that the authorization of a variance is therefore necessary to enable the reasonable use of the property;

3. That the unnecessary hardship has not been created by the appellant;

4. The variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, substantially or permanently impair the appropriate use or development of adjacent property, reduce access to renewable energy resources, nor be detrimental to the public welfare; and

5. That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least deviation possible from the zoning regulations and the Comprehensive Municipal Plan.

Regulations § 905.2(A)(1)—(5).

The DRB, or this Court on appeal, must make positive findings on each criterion in its decision in order to issue a variance. Regulations § 905.2(A).

In order to receive a variance, an applicant must satisfy all five criteria. See Blow v. Town of Berlin Zoning Adm'r, 151 Vt. 333, 335 (1989) (citations omitted) (referencing 24 V.S.A. § 4468(a), the predecessor to § 4469(a)). Therefore, when an applicant cannot satisfy any one of the criteria, the variance application must be denied as a matter of law. In re Ray Reilly Tire Mart, 141 Vt. 330, 332 (1982).

The Town argues that Ms. Pelican cannot prevail on any of the five criteria and, therefore, her variance application must be denied. We note that Ms. Pelican does not appear to dispute much of this assertion. See Response to Appellee's Motion for Summary Judgement, ¶ 1 ("Appellant cannot disagree with much of the material in [the Town's] motion.")

Rather than proceeding through an analysis of each criterion, we focus our analysis on the second requirement. This requires that the applicant establish that there is no possibility that the property can be developed in conformity with the zoning regulations and, therefore,

that a variance is necessary to enable the reasonable use of the property. See Regulations § 905.2(A)(2).

The clear and unrefuted evidence is that Ms. Pelican has not satisfied this criterion, nor could she under the facts presented. The property has been developed and used for many years as a single-family residence that is in conformity with the Regulations. See Regulations § 304 (noting that single-family dwellings are permitted uses in the LDR, and two-family dwellings are conditional uses); Regulations § 306 (setting a 10-foot side yard setback for single-family dwellings, and a 15-foot side yard setback for all other uses).

Therefore, despite Ms. Pelican's alleged prior use of the Property as a two-family dwelling and her present desire to use the Property as a properly permitted two-family dwelling, the undisputed evidence is that the Property could be developed, and indeed has been developed, in a manner that strictly comply with the Regulations for the LDR as a single-family dwelling.[2] The facts establish that this use was supported in the past.

Because Ms. Pelican cannot establish the second criterion required for a variance, we conclude that she is not entitled to a variance as a matter of law. We therefore answer Questions 1 and 3 in the negative and **GRANT** the Town's motion for summary judgment on these issues.

### III.    Whether Ms. Pelican is entitled to a conditional use permit

A conditional use may be permitted by the DRB if it will not have an undue adverse effect on, in relevant part, the Regulations then in effect. Regulations § 602.2.[3] Two-family dwellings are conditional uses in the LDR. Regulations § 304.

It is uncontested that the Property does not comply with the 15-foot side yard setback required for two-family dwellings in the LDR. Therefore, it cannot comply with the Regulations currently in effect. Further, for the reasons set forth above, a variance is not an appropriate

---

[2] Further, the DRB reached this exact conclusion in 1998 with respect to Ms. Pelican's prior application for a variance to convert the property from a single-family dwelling to a two-family dwelling. See Re: 89 ½ Pearl Street, Findings of Fact & Conclusions of Law, at 2 (City of St. Albans Dev. Rev. Bd. July 15, 1989) (filed with the Court as City Exhibit D). This conclusion was not appealed and has since become final and binding. See 24 V.S.A. § 4472(d). This further supports our conclusion that a variance is inappropriate in this matter with respect to the side yard setback issue.

[3] We note that the Town additionally raises the issue of whether the proposed use will have an undue adverse effect on the "character of the area affected, as defined by the purposes of the zoning district. . ., and specifically stated policies of the municipal plan." Regulations § 602.2(B). However, we need not reach this issue for the reasons stated above.

7

remedy for this noncompliant setback. As such, Ms. Pelican's proposed use cannot be relieved from the requirements of the Regulations.

For this reason, a conditional use permit for a two-family dwelling on the Property is improper. We therefore answer Questions 2 and 4 in the negative and **GRANT** the Town's motion for summary judgment on this issue.

### Conclusion

For the above-stated reasons, we conclude that Appellants Ms. Pelican and Terry Lamos are not entitled to a variance from the Regulation's side yard setback requirements for two-family dwellings in the LDR as the Property can be developed, and indeed is developed, to accommodate a reasonable use of the Property in strict conformance with the Regulations. Further, because the Property does not comply with the relevant side yard setback and is not entitled to a variance from that setback, a conditional use permit is improper. We therefore **GRANT** the City's motion for summary judgment in its entirety.

This concludes the matter before the Court. A Judgment Order accompanies this Decision.

Electronically signed on March 29, 2019 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division