VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 24-ENV-00085



| Yummy Woodstock, LLC DRB Change in Use Appeal |
| --- |

## ENTRY ORDER

| | |
| --- | --- |
| Title: | Motion to Dismiss (Motion: 1) |
| Filer: | Michael J. Tarrant II, Esq. |
| Filed Date: | October 28, 2024 |

Appellant Reply in Opposition of Motion, filed on November 14, 2024, by Leo H. Werner.

Applicant Reply in Support of Motion, filed on December 10, 2024, by Michael J. Tarrant II, Esq.

**The motion is GRANTED.**

In this action, Leo Werner appeals an August 27, 2024 decision of the Town of Woodstock (Town) Development Review Board (DRB) granting conditional use approval to Yummy Woodstock, LLC for the change in use of property having an address of 4374 West Woodstock Road, Woodstock, Vermont (the Property) from a restaurant to retail use. After the issuance of the permit, the Property was sold to 4374 Real Estate, LLC (Appellee).

Mr. Werner is self-represented in this matter. Appellee is represented by Michael J. Tarrant II, Esq. The Town is represented by David W. Rugh, Esq.

Appellee moves to dismiss Mr. Werner's appeal on multiple grounds, including timeliness and his standing to be an appellant, pursuant to Vermont Rules of Civil Procedure 12(b)(1). Rule 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. See Brod v. Agency of Nat. Res., 2007 VT 87, ¶ 8, 182 Vt. 234 (citations omitted) (recognizing that a party's standing is a question of subject matter jurisdiction). When reviewing a Rule 12(b)(1) motion, we accept as true all uncontroverted factual allegations and construe them in a light most favorable to the nonmoving party. Rheaume v. Pallito, 2011 VT 72, ¶ 2 (mem.).

A notice of appeal of a decision must be filed with this Court within 30 days of the date of the act, decision or opinion appealed from. V.R.E.C.P. 5(b)(1). A timely appeal is the exclusive remedy to challenge an act or decision from an appropriate municipal panel. See 24 V.S.A. § 4472(d).

"[F]ailure to file a timely notice of an appeal brought under [24 V.S.A.] § 4471 deprives [this Court] of jurisdiction over that appeal." In re Gulli, 174 Vt. 582, 583 (2002) (mem.).

It is undisputed that Mr. Werner did not file his appeal within 30 days of the underlying decision and instead filed his appeal on the thirty first day. Mr. Werner provides no understanding as to why his appeal was not timely.

In his response to the pending motion, Mr. Werner cites to In re Milton Arrowhead Mountain for the proposition that "statutes regulating appeal rights . . . must be liberally construed in favor of persons exercising those rights." 169 Vt. 531 (1999). Appellant appears to cite this cause to argue that the Court can hear his untimely appeal under such a liberal construction. The Vermont Supreme Court has rejected such an argument. See In re Hopkins Cert. of Compliance, 2020 VT 47, ¶ 10—17 (rejecting an argument that a party may challenge a final and binding zoning decision despite 24 V.S.A. § 4472 because statutes relating to appeal rights are to be liberally construed and reiterating that the failure to timely appeal a zoning decision deprives this Court of jurisdiction to consider the decision) (citations omitted).

This Court may extend the time to file a notice of appeal pursuant to Vermont Rules of Appellate Procedure (V.R.A.P.) Rule 4. See V.R.E.C.P. 5(b)(1). Pursuant to V.R.A.P. Rule 4(d), this Court may extend the time to file a notice of appeal if: "(A) the relief is requested by motion filed no later than 30 days after the expiration of the time prescribed by Rule 4(a); and (B) the party shows excusable neglect."[1]

Mr. Werner has not filed any motion pursuant to V.R.A.P. Rule 4 that would allow the Court to extend or reopen the time for him to file an appeal. His notice of appeal contains no indication that it was intended to function as both a notice of appeal and a motion to extend pursuant to V.R.A.P. Rule 4(d). Because Mr. Werner failed to timely appeal the underlying decision or timely seek leave of the Court to extend the time to file an appeal, the Court lacks jurisdiction over his appeal.

While not necessary to this decision due to the untimeliness of the appeal, the Court notes multiple additional issues with Mr. Werner's standing to appeal the below decision. Pursuant to 10 V.S.A. § 8504(b)(1), "an interested person, as defined by 24 V.S.A. § 4465, who has participated as defined in 24 V.S.A. § 4471 in the municipal regulatory proceedings under [Chapter 117] may appeal

---

[1] The Court may also reopen the time to file an appeal pursuant to V.R.A.P. 4(c) upon a motion. Again, there has been no such motion filed. Even if there was, however, it would not be applicable to Mr. Werner because it is undisputed that he did not participate in the hearings before the DRB, and therefore, was not entitled to notice of the decision. See 24 V.S.A. § 4464(b)(3). Further, no party other than Appellees' predecessor in interest and agents participated below.

to the Environmental Division an act or decision made under [Chapter 117]" by an appropriate municipal panel. Participation is defined as "offering, through oral or written testimony, evidence or a statement of concern related to the subject of the proceeding." 24 V.S.A. § 4471(a).

First, it is undisputed that Mr. Werner did not participate in the proceedings before the DRB. He therefore does not satisfy the participation requirement to appeal the DRB's decision.

The Court notes, however, that a person may appeal without participating in the below proceedings under 10 V.S.A. § 8504(b)(2), potentially relevant here subsection (A) or (C). See 10 V.S.A. § 8504(b)(2)(A) (allow for an appeal upon a determination that "there was a procedural defect that prevented . . . participating in the proceeding[.]"); 10 V.S.A. § 8504(b)(2)(C) (allowing for an appeal upon a determination that "some other condition exists that would result in manifest injustice if the person's right to appeal was disallowed."). An appealing party must specify in its appeal "the statutory provisions under which each party claims party status." V.R.E.C.P. 5(b)(3). A party claiming the right to appeal under § 8504(b)(2) "must assert that claim by motion filed not later than the deadline for filing a statement of questions on appeal." V.R.E.C.P. 5(d)(2). Mr. Werner's notice of appeal does not contain any reference to § 8504(b)(2) or any statutory provision under which he claims party status for that matter. See Notice of Appeal (filed on Sept. 27, 2024). He has not filed any motion for party status under § 8504(b)(2). Thus, Mr. Werner is precluded from claiming party status under § 8504(b)(2).

To the extent that Mr. Werner raises arguments related to 10 V.S.A. § 8504(b)(2)(A) or (C) when he asserts that the notice of hearing for this matter was deficient and/or materially misleading in its description of the application, we conclude that the notice was not deficient.[2] Pursuant to 24 V.S.A. § 4464(a)(1), notice of a hearing on conditional use review, such as the application presently before the court, shall include the "date, place, and purpose of the hearing" and be posted in various locations. Written notification to adjoining landowners shall include such information and "a description of the proposed project and shall be accompanied by information that clearly informs the recipient of where additional information may be obtained." 24 V.S.A. § 4464(a)(1)(C). Again, it is

---

[2] Mr. Werner also argues that the Town did not send notice to adjoining landowners as required by 24 V.S.A. § 4464(a)(1(C). First, the Town and Appellees dispute this assertion by sworn affidavit of the Town Zoning Administrator. Conversely, Mr. Werner provides unsworn affidavits in support of his claim. In any event, it is undisputed that Mr. Werner is not an adjoining landowner to the Property. Mr. Werner lacks standing to assert the rights of others such as adjoining landowners not before the Court. See Baird v. City of Burlington, 2016 VT 56, ¶ 15, 201 Vt. 112; Bischoff v. Bletz, 2008 VT 16, ¶ 16, 183 Vt. 235. Thus, Mr. Werner's assertions that the notice was deficient to others violates the long-standing prohibition against third party standing and the Court will not address the assertion.

undisputed that Mr. Werner is not an adjoining landowner to the Property. As such, we look to the Town's notice of hearing under § 4464(a)(1), (2). The notice of hearing contains the place and time of the hearing and states that it would be for conditional use approval for a proposal "[to] change the use from restaurant to retail."

Mr. Werner argues that the notice was "materially misleading" and deficient.[3] The notice of hearing stated that the application sought approval for a change of use of the Property from a restaurant to a retail use. The retail use is cannabis sales. Mr. Werner argues that if he was aware of the type of retail use proposed, he would have participated. He points to no provision of law or the Woodstock Zoning Regulations (Regulations) that would require notice of the goods or commodities to be sold by a retail establishment, cannabis or otherwise. The Town was required to provide notice of the place, time and purpose of the hearing. It did so. If Mr. Werner believed that there were some retail establishments that he found objectionable or had concerns regarding, he had an obligation to participate in the hearings to learn what the proposed retail use was. The notice is not materially misleading absent the reference to the fact that the retail use at issue was cannabis sales, nor does the notice constitute a procedural defect or other condition that would allow for Mr. Werner's appeal absent participation before the DRB.

Finally, an "interested person" in this context is "[a] person owning title to property, or a municipality or solid waste management district empowered to condemn it or an interest in it, affected by a bylaw, who alleges that the bylaw imposes on the property unreasonable or inappropriate restrictions of present or potential use under the particular circumstances of the case." 24 V.S.A. § 4465(b)(3). The Town argues that Mr. Werner has not alleged a physical or environmental impact on his interest under the criteria reviewed. See 24 V.S.A. § 4465(b)(3). [4]

None of Mr. Werner's filings allege any impact from the change of use on him in any location. Mr. Werner's filings largely address notice to people other than himself and notice to which he himself was not entitled to because it is undisputed that he is not an adjoining property owner. He lacks standing to raise these issues on behalf of others. See Baird, 2016 VT 56, ¶ 15. Even viewing the

_____

[3] The Court understands Mr. Werner to be referencing the fact that an action by the DRB may be invalidated upon a finding that the notice was "materially misleading" pursuant to 10 V.S.A. § 4465(b)(3). We review this assertion within the context of 10 V.S.A. § 8504(b)(2) for the purposes of the pending motion.

[4] The Town also argues that Mr. Werner does not own or occupy property in the immediate neighborhood of the Property. Because we conclude that Mr. Werner has not alleged a physical or environmental impact to his interest under the criteria reviewed, we need not address that Mr. Werner does not satisfy the definition of "interested person" because he does not own or occupy property within the immediate neighborhood of the Property.

allegations in Mr. Werner's filings, including his Statement of Questions, in a light most favorable to him, there is a lack of any assertion of any impact on his interest under the criteria at issue in this matter. He therefore does not meet the definition of an "interested person" under § 4465(b)(3).

For the foregoing reasons, Mr. Werner's appeal is untimely and Appellee's motion to dismiss is **GRANTED**.

This concludes the matter before the Court. A Judgment Order accompanies this Entry Order.

Electronically signed this 13th day of December 2024, pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division