STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION

}
In re: Brandon Plaza Conditional Use Application    }         Docket No. 128-8-10 Vtec
}
}

Decision and Order on Pending Motions

A group of individuals who had filed a petition with the Development Review Board (DRB) of the Town of Brandon, asserting standing under 24 V.S.A. § 4465(b)(4), appealed as a group (Appellant Group)[1] from a decision of the DRB granting conditional use approval to Cross-Appellant-Applicant, Brandon Plaza Associates, LLC, (Applicant) for the construction of a supermarket. This is an on-the-record appeal, as the Town of Brandon has adopted and implemented the procedures necessary for such appeals pursuant to 24 V.S.A. § 4471(b).[2]

_____

[1]  Appellant Group is comprised of the following fifteen individuals: James Leary, Kevin Thornton, Judy Bunde, Christy Gahagan, Hanford "Skip" Davis, Jeffrey Faber, Maurice "Buzz" Racine, Philip Keyes, Beth Rand, Helyn Anderson, Andrew Cliver, Linda Stewart, Jeff Stewart, Jon Andrews, and Patt (Patricia) Cavanaugh. Despite the fact that the notice of appeal listed these individuals stating that "each of whom was an interested person who participated" in the DRB proceedings, and despite the fact that the notice of appeal did not specify a subsection of 24 V.S.A. § 4465(b), it is apparent from the record that they filed petitions before the DRB only under § 4465(b)(4) as a group and did not seek individual party status before the DRB.

[2]  In an on-the-record appeal, the DRB's factual findings are to be affirmed if supported by substantial evidence in the record as a whole. In re Sprague Farms, LLC, No. 107-6-08 Vtec, slip op. at 1 (Vt. Envtl. Ct Nov. 13, 2009) (citing In re Miller Conditional Use Application, No. 59-3-07 Vtec, slip op. at 5 (Vt. Envtl. Ct. Nov. 5, 2007) (Durkin, J.)). For a discussion of the standard applicable to a DRB's factual findings in an on-the-record appeal, see In re Appeal of Leikert, No. 2004-213, slip op. at 1–2 (Vt. Nov. 10, 2004) (unpublished mem.), available at http://www.vermontjudiciary.org/d-upeo/eo04-213.pdf. Legal issues, on the other hand, are reviewed without affording

1

Appellant Group is represented by James A. Dumont, Esq.; Applicant is represented by Edward V. Schwiebert, Esq. and David R. Cooper, Esq.; and the Town is represented by James F. Carroll, Esq.

Applicant has moved to dismiss Appellant Group for lack of standing. In the alternative, Applicant has moved to dismiss Questions 4, 6, 8, 9, 10, and 16 of the Statement of Questions in their entirety, and to dismiss Questions 12, 13, and 14 at least in part.

Four individuals—Helyn Anderson, Kevin Thornton, Lorraine Kimble, and Bette Moffett—have moved to intervene in this appeal. Two of those individuals are members of Appellant Group and two of them are not.

Factual Context

The property at issue in this appeal is located at the northwesterly corner of the intersection of U.S. Route 7 and Nickerson Road; the portion of the property on which construction is proposed is located in the High Density Multi-Use zoning district of the Town of Brandon.[3] Applicant applied for conditional use approval to construct a commercial retail development, to be served by 295 parking spaces, with access onto Route 7 and access onto Nickerson Road. As proposed, the project consists of a 36,000-square-foot retail building set back from the road, intended for a supermarket use; a 12,000-square-foot retail building adjacent to the larger building but located closer to and facing the road, intended for a series of smaller retail stores; and a separate 5,000-square-foot building located closer to the Nickerson Road access.

The DRB approved only the 36,000-square-foot supermarket and 150 parking

deference to the DRB's legal conclusions. In re Beckstrom, 2004 VT 32, ¶ 9, 176 Vt. 622 (mem.) (citing In re Gulli, 174 Vt. 580, 582 (2002) (mem.)).

[3] The project property consists of four parcels having a total area of approximately 17.62 acres. No construction is proposed for the portion of the project property in the Neighborhood Residential zoning district.

2

spaces; it specifically disapproved both other buildings and the access onto Nickerson Road.

Appellant Group appealed the grant of conditional use approval. Applicant appealed the DRB's disapproval of the two smaller buildings, their associated parking spaces, and the access onto Nickerson Road.

### Adequacy of the Record

Because the hearings' duration exceeded twelve hours, V.R.E.C.P. 5(h)(1)(B) required that the hearings be transcribed. When first transcribed, there were passages marked as "inaudible" by the transcriber and instances in which the speaker was not identified. The parties stipulated to a process by which the recording will be used instead of the transcript for any problematic passage, to avoid any need for remand due to the quality of the transcript.

In addition, because the DRB did not specify which 150 spaces were approved in connection with its approval solely of the 36,000-square-foot supermarket building, the Court inquired whether the parties were in agreement as to the location of the 150 parking spaces approved by the DRB. In response, Applicant filed a reduced-size copy of the original site plan, together with a redacted version showing the approved building and Applicant's understanding of the location of the 150 spaces the DRB had approved in connection with the approved building. Appellant Group filed a memorandum objecting to the Court's considering this redacted plan as part of the record.

All that is before the Court in this appeal is conditional use approval of Applicant's proposed project. There is no question that the site plan provided by Applicant is not part of the record of this on-the-record proceeding, as it was prepared after this matter was appealed. It merely serves as a demonstration or illustration—a visual representation of Applicant's argument that the 150 parking spaces depicted on it

3

are those that were approved by the DRB. The parties are all free to use this site plan or any other illustration of their arguments in their briefing of this on-the-record appeal.

Motion to Dismiss the Appeal

Applicant has moved to dismiss the appeal in its entirety, on the basis that the petitions as originally filed with the DRB in September of 2009 did not designate one person to serve as the representative of the petitioners. Applicant has also moved to dismiss all questions in the Statement of Questions other than those dealing with the character of the area, arguing that two distinct petitions were filed and that the only petition remaining with ten or more signatories should be read as limiting the Appellant Group to issues regarding the character of the area.

An interested person, as defined in any of the five categories of 24 V.S.A. § 4465(b), who has participated in DRB proceedings may appeal to this Court from the DRB's decision. 10 V.S.A. § 8504(b)(1), 24 V.S.A. § 4471. Persons who can "demonstrate a physical or environmental impact on that person's interest under the criteria reviewed" may be able to obtain individual standing under 24 V.S.A. § 4465(b)(3).

Without such an individual interest at stake, any group of at least ten persons who vote or own property in the municipality may obtain party status by filing a signed petition with the DRB, before the DRB has acted on the application, alleging that the proposed project will not be in accord with "the policies, purposes, or terms of the plan or bylaw of [the Town]." 24 V.S.A. § 4465(b)(4). See, e.g., In re Verizon Wireless Barton Permit, 2010 VT 62, ¶ 12 (citing In re Albert, 2008 VT 30, ¶ 11, 183 Vt. 637 (mem.)).

It is important to understand that, under 24 V.S.A. § 4465(b)(4), it is the group of petitioners that has party status to bring an appeal, not any individual signatory to the petition. Such an appellant group maintains its standing in any such appeal if the membership of the group does not fall below the statutory minimum of ten persons. See, e.g., In re Hitchcock 2-Lot Subdivision, No. 218-11-09 Vtec (Vt. Envtl. Ct., Apr. 16,

4

2010), slip op. at 3–5.

The statute does not require the petition under 24 V.S.A. § 4465(b)(4) to state any particular issues. Rather, it only has to allege that the project "will not be in accord with the policies, purposes or terms" of the municipal plan or bylaw. Both versions of the petitions signed by members of Appellant Group contain the required statutory language.

In the present case, on September 21 or 22, 2009, all fifteen members of Appellant Group signed petitions that alleged that the proposed project "will not be in accord with the policies, purposes or terms of the Brandon Land Use Ordinance." Twelve of the group members signed petitions that added the language: "and will have, among [other] things, an undue adverse effect on the character of the area affected." The other three group members signed petitions that added the language: "and will have, among [other] things, an undue adverse effect on traffic and roads in the vicinity of the proposed project."

Contrary to Applicant's argument, to have standing under § 4465(b)(4) an appellant group is not required to define the concerns it wishes to raise either in its petition to the DRB or in its notice of appeal to this Court. When it is before the DRB, if it wishes to participate it may do so by "offering, through oral or written testimony, evidence or a statement of concern related to the subject of the proceeding," without any prior warning to the other parties as to the issues that it will cover. 24 V.S.A. § 4471(a). Similarly, if an appellant group appeals to this Court, its notice of appeal also is not required to define the issues it intends to raise. See V.R.E.C.P. 5(b)(3). It is not until an appellant group files its statement of questions that it is thereafter limited to raising in the appeal only those issues it has presented in the statement of questions. V.R.E.C.P. 5(f).

This minor difference in the language of the petitions does not create two petitioning groups or limit the issues that the Appellant Group as a whole may raise.

Indeed, the petitions only needed to allege that the Brandon Plaza land use application, if granted, "will not be in accord with the policies, purposes, or terms of the Brandon Land Use Ordinance." Indeed, in this particular case the petitions note that their concerns are not limited either to the character of the area, in the one instance, or to the effect of the proposal on traffic, in the other instance, by stating that those specific concern are only "among [other] things."

In the alternative to dismissing the entire appeal, Applicant argues that any questions relating to issues other than the project's alleged impacts on the character of the area must be dismissed. However, as explained above, by using the phrase "among [other] things," the petitions allow the Appellant Group to raise any issues in their statement of questions, as long as those issues relate to the conditional use criteria applicable to the project.

Applicant also argues that the petitions' failure to designate a representative as of the September 2009 date of the original petitions[4] submitted to the DRB prevents Appellant Group from having standing before this Court. First, the statutory requirement that the petition designate a group representative is not jurisdictional. 24 V.S.A. § 4465(b)(4). That section defines the group of ten voters or real property owners who have signed a petition with the requisite language as an "interested person" for the purposes of 24 V.S.A. ch. 117. It goes on to state that the petition "must

---

[4] The parties also discuss amended petitions designating Attorney Dumont as the Appellant Group's representative, submitted to the DRB on May 26, 2010, after the substantive hearings but before the DRB had deliberated. Due to the Court's conclusion that the original petitions were not defective, this decision does not reach whether those amended petitions were accepted or were eligible to be accepted, under In re Albert, 2008 VT 30, ¶ 11. For the same reason, Appellant Group's motion to clarify or amend Question 14 of the Statement of Questions, and to add a new Question 18, is DENIED. Those issues are legal issues already inherent in the case as presented to the Court.

designate one person to serve as the representative of the petitioners." Nothing in the statute precludes the group from changing its representative during a proceeding, for example, if a representative is ill or on vacation, and nothing precludes such a group, if then or later represented by counsel, from designating its attorney as its representative.

In the present case throughout the Appellant Group's participation before the DRB, the DRB did not require a representative to be designated, but treated Attorney Dumont as the group's representative, or at least did not distinguish between the group itself and the group's members as being represented by Attorney Dumont. The DRB did not dismiss the Appellant Group for failure to designate a non-attorney representative, and this Court will not dismiss this on-the-record appeal in which the Appellant Group is represented by counsel.

Motion to Intervene

Four individuals: Lorraine Kimble, Helyn Anderson, Bette Moffett and Kevin Thornton, have moved to intervene under V.R.E.C.P. 5(c) and V.R.C.P. 24. 10 V.S.A. § 8504(n). Two of the movants—Kevin Thornton and Helyn Anderson—were signatories on the original petitions filed with the DRB and are members of the Appellant Group; the other two movants—Lorraine Kimble and Bette Moffett—were not. The Motion to Intervene asserts that, for each of the movants, "if [Applicant's] Motion to Dismiss is granted, there will be no representation of [the respective movant's] interests."[5]

---

[5] It is important to note that intervenors who have not themselves filed a timely appeal from a municipal decision are not permitted to raise any issues different from or in addition to those raised by the original appellants and cross-appellants. See In re Garen, 174 Vt. 151, 154–56 (2002) (individuals who have not filed a timely appeal may not raise any additional issues if they intervene, even if original appellant withdraws or is dismissed); see also In re: Application of Wellspring School, Inc., No. 181-8-07 Vtec, slip op. at 5 (Vt. Envtl. Ct. Nov. 27, 2007) (Wright, J.).

Under 10 V.S.A. § 8504(n), intervention is allowed in a municipal zoning appeal for those who appeared as a party in the action appealed from and retained party status; those who are parties by right (such as the applicant or the municipality); those who qualify as interested persons under 24 V.S.A. § 4465; and those who meet the standards for intervention under V.R.C.P. 24. In the DRB proceedings, none of the four movants claimed or was granted party status as an individual under 24 V.S.A. § 4465(b)(3), and the motion to intervene does not argue that they qualify for individual party status under that section in this proceeding.

Rather, the four movants ask the Court either to allow them to intervene as of right under V.R.C.P. 24(a), arguing that their interests are not adequately represented in this action, or to allow them permissive intervention under V.R.C.P. 24(b), arguing that their claims and those in Applicant's cross-appeal share common issues of law or fact. Motion to Intervene at 1, 4.

Because the Court has not dismissed the Appellant Group's appeal, the four movants do not qualify to intervene under V.R.C.P. 24(a), as their interests are adequately represented by an existing party: the Appellant Group.

The four movants also do not qualify to intervene under V.R.C.P. 24(b), which requires that the movant have a "claim" that has a question of law or fact in common with the "main action." None of these four movants has a "claim" at all that can be independently asserted before this Court, as they did not participate as individual parties under 24 V.S.A. § 4465(b)(3) before the DRB, and therefore do not qualify as individual appellants. It therefore is not necessary for the Court to reach the question of whether they could demonstrate a "physical or environmental impact" on their interest "under the criteria reviewed," as also required for standing under § 4465(b)(3), because they have no "claim" cognizable in this Court independent of the Appellant Group's appeal.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that:

1. Applicant's motion to dismiss the appeal, the Appellant Group, or any of the Questions in the Statement of Questions is DENIED. This decision of course does not preclude any of the parties from presenting arguments in their briefs on the merits of this on-the-record appeal, as to the interpretation, applicability, or lack of applicability of any specific section of the Zoning Ordinance.

2. The four individuals' motions to intervene are DENIED as they do not meet the statutory requirements for intervention under either V.R.C.P. 24(a) or 24(b), as discussed above.

A telephone conference has been scheduled to set a briefing schedule for this on-the-record appeal. (See enclosed notice.)

Done at Berlin, Vermont, this 5th day of August, 2011.

_____
Merideth Wright
Environmental Judge